## Anna Christiansen v. Zoning Board of Adjustment (Philadelphia), Appeal of Jerome Gross.

34

Argued October 7, 1970, before President Judge
BOWMAN, and Judges CRUMLISH, JR., KRAMER, WILKIN-
SON, JR., MANDERINO, MENCER and BARBIERI.

*Richard I. Torpey,* with him *Yale B. Bernstein,
Brickley, Torpey* and *Bernstein,* for appellant.

*Carl K. Zucker,* Deputy City Solicitor, with him
*Levy Anderson,* City Solicitor, for appellee, City of
Philadelphia.

*John E. Power, Jr.,* for appellee, Christiansen.

OPINION BY JUDGE CRUMLISH, JR. filed December 29, 1970:

This appeal is from an order of the court below quashing an appeal of a decision by the Philadelphia Zoning Board of Adjustment on the grounds that it had not been filed within the ordinance prescribed period of thirty days.

On July 9, 1969, the Zoning Board of Adjustment refused an application by Jerome Gross, for a variance on the premises 2338 East York Street, Philadelphia. On July 30, 1969, his counsel filed a writ of certiorari directed to the Board in the Office of the Prothonotary of the Court of Common Pleas of Philadelphia County. The writ was duly stamped and perfunctorily issued to the Board. However, the petition which, by the terms of the ordinance, should have accompanied the writ, was not filed at that time.

On August 6, 1969, the Zoning Board, by a person who is yet unidentified, reminded counsel for Gross that the petition was missing. Counsel indicated to the caller that he was in his office momentarily and was then about to leave on his vacation. With the assurance that the petition would be accepted when he returned, he resumed his holiday. On August 9, 1969, the prescribed appeal period expired.

When he returned on August 28, 1969, counsel filed the required petition. A Motion to Quash followed. Argument was heard in the Court of Common Pleas by Judge SLOANE, who granted the Motion to Quash.

Section 14-1806(1) of the Philadelphia Zoning Code provides that any party aggrieved by the decision of the Board may file a petition with the Common Pleas Court specifying the grounds for the appeal. "Such Petition shall be presented to the Court within thirty days after the filing of the decision in the office of the Board." Subsection (2) of 14-1806 provides that the court, "upon presentation of such Petition, . . . may

allow a Writ of Certiorari, directed to the Board, to review such decision of the Board . . .".

The failure to literally comply with the requirement that a petition be filed by a date certain, or the issuance of the writ by the Prothonotary without the petition is not in dispute. It is for us to consider the effect of these defects. Appellant, Gross, contends that either (1) the timely issuance of the writ in itself was sufficient to perfect the appeal, or (2) the untimely filing should be ignored in view of the assurances received from a representative of the Zoning Board.

Appellee relies on the doctrine that statutory procedural provisions for judicial review should be strictly construed and in this instance the petition having been filed after the thirty day statutory period, the writ was a technical nullity and the right of appeal lapsed. Further, appellee contends that the reliance by applicant's counsel upon the telephoned assurances has no basis in law for ignoring his failure to file his appeal on time. We do not suggest that in the legal spectrum, the parties' contentions are without merit, but in the context of the factual situation presented here, we cannot find them controlling.

Appellee cites the following cases to support this contention that the courts have strictly enforced the thirty day filing period in zoning appeals. *Kravitz v. Zoning Board of Adjustment,* 415 Pa. 97, 202 A. 2d 64 (1964) ; *Blank v. Zoning Board of Adjustment,* 390 Pa. 636, 136 A. 2d 695 (1957) ; *Long v. Zoning Board of Adjustment,* 23 D. & C. 2d 150 (1961). Moreover, courts have required strict adherence to the procedure prescribed by the Legislature. *Oteri Appeal,* 372 Pa. 94 A. 2d 772, 557 (1963). But in every instance where an appeal was quashed due to a lapse of time, the appellant failed to file *any notice of intent to appeal within the time period.* Similarily, where courts have quashed a departure from the prescribed statutorial

procedure there was a substantial deviation. See *Oteri,* supra, where the appellant sought to bring a bill in equity in lieu of the statutory appeal. In these cases, the substantial departure consisted of a devious circumvention of the legislative purpose directed solely toward the allowance of an appeal. Justice commands a sensible and a practical approach to a factual situation. We think this is a classic case calling for the full use of this Court's interpretative powers in making a just and proper determination.

It is our judgment that time limitations have as their prime function notification to all parties that no appeal will be asserted beyond that date and the prospect of protracted litigation is laid to rest. The wheels of enforcement of an order can then proceed in accordance with applicable law.

In the instant case, as is the custom in Philadelphia County, appellant filed a writ of certiorari which in due course was issued by the Prothonotary. It was served upon the Board well within the statutory period. Thus, all the parties, the court and the Board, were given timely notice that an appeal had been taken. The wheels of enforcement were arrested pending outcome of the appeal. The legislative purpose was accomplished, notwithstanding the missing component. Of course, if we would constrict our vision and consider the simultaneous companionship of the petition to be an integral and essential part of the appeal, the official order of the court is a nullity.

Referring to the facts of life as they pertain to Philadelphia Zoning Board appeals, it is recognized and was agreed by counsel for the Board at argument that the issuance of the writ is "ministerial", "perfunctory" and "routine". Although the ordinance specifically provides that the court upon receiving the petition "may" issue the writ, in *practice* a Common Pleas Judge never sees the petition, never considers its con-

tents or the *merits* thereof, and the writ is issued as of course by a clerk in the Prothonotary's office. The term "may" therefore is without meaning or efficacy. In effect, the statutorial requirement calling for the simultaneous presentation of a petition to warrant the issuance of the writ is honored more in ignorance than respect. Custom considers these appeals as of right. See Ryan, *Pennsylvania Zoning Law and Practice,* §9.5.1, p. 88 (1970). So we must view this kind of appeal with eyes wide open.

We must also say, however, that appellant's contention that the issuance of a writ alone perfects the appeal lacks merit. We have found that in practice the petition is not the deliberative motivation which causes the writ to issue. It does, however, contain appellant's allegations of error. It is a basic and essential part of the record. In this case, it is the belated filing of this petition which constitutes an integral part of perfecting this appeal. Indeed, had no petition been filed we would declare the appeal void. We merely say that the delayed filing was and is of no consequence.

The effect of assurances by an unfaced telephone correspondent is of little moment. Reliance upon assurances are generally considered not to be legally sufficient to extend the time limits. *Commonwealth v. Philadelphia Eagles, Inc.,* 437 Pa. 25, 261 A. 2d 309 (1970). It is not necessary for us to consider the question of whether the time period was extended. We have concluded that the *purpose* of the statutory requirement was fulfilled in a timely, albeit, irregular fashion. If anything, the value of the assurances lies in the demonstration of good faith. Had the petition been filed late, without assurances from the Zoning Board Office, counsel would be hard put to explain his negligence to his client or to this Court.

We do not find that the late filing of the petition can be excused because of assurances given by a person

in the Zoning Board Office or that a writ issued in itself effects an appeal.

We do find that in the instant case the issuance of the writ within the thirty day period was a legally sufficient method to effectuate that notification which is the statutorial purpose of the time limitation and that expeditious belated filing of the petition merely completed the necessary technical requirements. In granting the Motion to Quash, the court below erred. Order reversed.

CONCURRING OPINION BY JUDGE BARBIERI, filed December 29, 1970:

I join in the judgment of the court, but have different reasons for reaching the same conclusion which I feel obliged to note.

I disagree with the minority because, in my opinion, the timely issuance of the writ was the vital appellate act. While the Zoning Board contends that a petition was a necessary part of the appeal, it cannot be denied that the petition is not the appeal but is only the application for the writ without which there could be no appeal. It is true that filing a timely petition would toll the running of the time for issuance of the writ. I also believe, however, that the issuance of the writ tolls the running of the time for filing the petition.

Section 14-1806 of the Philadelphia Code, providing for appeals from decisions of the City's Zoning Board of Adjustment,[1] provides: "Any person . . . aggrieved by any decision of the Board . . . may present to a Court of record a Petition . . . Such Petition shall be presented to the Court within thirty days after the filing of the decision in the office of the Board . . . Upon the presentation of such Petition, the Court may

[1] The enabling statutory provision is in Section 8 of the Act of May 6, 1929, P. L. 1551, 53 P.S. 14759.

allow a Writ of Certiorari, directed to the Board, to review such decision . . .".

A review of the lower court's docket entries reveals that the first petition for a writ was filed on April 10, 1968, and this resulted in a remand on December 17, 1968. Thereafter, the Zoning Board's instant order was entered on July 9, 1969. The present writ was issued within the 30 days' period on July 30, 1969, and the written formal petition was filed on August 28, 1969, some 20 days past the period for appeal. I believe that a fair construction of the quoted language in the Code is that the vital thing to perfect the appeal is the writ, and that the petition for the writ, while its filing in time may excuse issuance of the writ after the 30 days have run, it is not in itself the appeal. If the writ itself is issued in the time allowed for requesting a writ, even if pursuant to oral application, (or oral "petition"), I can see no legislative or other purpose which would justify quashing the appeal because the written application (or "petition") for the writ came after the 30 days.

But even if my view would be questionable as a matter of legal mechanics, I would still conclude that the motion to quash should have been denied on the facts and circumstances in this case.

I would have joined with my dissenting colleagues if I could conclude as they did that this case is controlled by the Supreme Court's decision in *Commonwealth v. Philadelpiha Eagles, Inc.,* 437 Pa. 27, 261 A. 2d 309 (1970). If the lower court could properly disavow as unauthorized its own act in issuing the writ, the *Eagles* case would be controlling, because a valid appeal would not have been timely perfected. No agreement of the parties could revive such a lapsed appeal right.

The law of this Commonwealth, however, has always been that, even where the limitation is jurisdic-

tional, so that the time for taking action may not even be extended by agreement of the parties, it still may be tolled by fraud or by the negligent act of a court official. In *Wise v. Cambridge Springs Boro.*, 262 Pa. 139, 144, 104 A. 863, 864 (1918), our Supreme Court stated: "Where a party has been prevented from appealing by fraud, or by the wrongful or negligent act of a *court official,* it has been held that the court has power to extend the time for taking an appeal: Zeigler's Petition, 207 Pa. 131; York County v. Thompson, 212 Pa. 561". (Emphasis added.) See also *Guy v. Stoecklein Baking Co.,* 133 Superior Ct. 38, 1 A. 2d 839 (1938); *Horn v. Lehigh Valley R. R. Co.,* 274 Pa. 42, 117 A. 409 (1922); *Nixon v. Nixon,* 329 Pa. 256, 198 A. 154 (1938); 4 Am. Jur. 2d, *Appeal and Error* §298 (1962); 9 Standard Pennsylvania Practice (Rev'd) 325 (1962).

Here, even though the appellant's lawyer could be criticized for failing to file a timely written petition, the action of the Philadelphia Common Pleas Court Prothonotary in issuing the writ without a petition's being filed, if unauthorized, was a "wrongful or negligent act of a court official". If he had refused to issue the writ, there was time to prepare and file a written petition. His act in issuing the writ "lulled the [appellant] into the belief that it was unnecessary for him to file a petition . . .". *Guy, supra,* at 44.

It is my conclusion that under all of the peculiar circumstances in this case it was error for the lower court to quash an appeal on the basis of its own error in issuing the writ without requiring timely filing of the written application therefor.

---

DISSENTING OPINION BY PRESIDENT JUDGE JAMES S. BOWMAN, filed December 29, 1970:

In excusing appellant from strict compliance with the provisions of the statute in question, the majority

opinion declares the factual situation in the present case to be a classic one calling for use of the Court's *interpretive powers* in making a just and proper determination. However, rather than interpreting the statute, the majority simply concludes that the *purpose* of the statute was fulfilled in that interested parties had timely notice of the appeal "albeit [in] irregular fashion".

We can only conclude from this pronouncement that so long as timely notice of appeal in some fashion is given to interested parties an appellant may safely ignore timely compliance with other provisions of the statute affording the right of appeal. In our opinion, such a conclusion is contrary to the well-established decisional law requiring strict compliance with statutory provisions for appeal. *Kravitz v. Zoning Board of Adjustment*, 415 Pa. 97, 202 A. 2d 64 (1964) ; *Blank v. Zoning Board of Adjustment*, 390 Pa. 636, 136 A. 2d 695 (1957).

Furthermore, in our opinion, the facts of this case are by no means classic if the majority uses this word to mean one wherein an appellant, through no fault of his own or of his counsel, is effectively denied his right of appeal through fraud or negligent conduct on the part of a responsible court official.

On July 9, 1969, the Philadelphia Zoning Board of Adjustment gave notice of its decision refusing appellant's application for a variance.

On July 30, 1969, appellant's counsel appeared in the Office of the Prothontary of the Court of Common Pleas of Philadelphia County. Although the record does not disclose exactly what transpired that day, it is undisputed that at the behest of appellant's counsel a writ of certiorari directed to the Board issued out of the court. The majority states that appellant's counsel "filed" such a writ. We find no support in the record for this statement nor authority for a practice by

which counsel files a writ of certiorari in the same court out of which it purportedly issues.

On August 9, 1969, by telephone, an employee of the Board called to the attention of appellant's counsel that a petition for allowance of an appeal had not been filed incident to the issuance of the writ of certiorari. Appellant asserts he was on vacation at this time and he was assured by the caller that the petition could be filed when he returned in late August.

On August 28, 1969 (fifty days after the Board decision sought to be reviewed), appellant filed such a petition, having been advised in the meantime that the City Solicitor's Office intended to file a motion to quash the appeal.

From this record, upon a "facts of life" doctrine of a practice prevailing in Philadelphia surrounding the application for and issuance of writs of certiorari, the majority concluded that because a writ issued the appeal was timely taken. We are told that Philadelphia courts never review petitions of writs of certiorari in zoning appeals and that such writs issue as a matter of course. Accepting these facts of life, the difficulty with the majority opinion is that they are not the essential facts of this case. Absent a petition seeking a writ, the court had nothing before it upon which it could exercise its discretionary power, perfunctorily or otherwise.

Whatever errors surrounded the issuance of the writ absent a filed petition seeking such a writ, its issuance cannot be considered in itself, as an appeal. The controlling ordinance plainly requires a petition to be filed within thirty days specifying the grounds for appeal. The court may allow a writ of certiorari only upon presentation of this document and it is the one to be employed to effect the appeal. It is not merely a procedural requirement but upon its timely filing rests the jurisdiction of the court.

Nor is appellant's reliance upon the assurance of a clerk in the Board's office well placed. Rather, it is largely an attempt by appellant's counsel to visit his own shortcomings upon a Board clerk who initated a telephone call to appellant's counsel simply to advise him that the required petition had not been filed incident to the issuance of the writ. This event occurred several days prior to the expiration of the thirty day appeal period and afforded appellant an opportunity to timely correct the deficiency. Despite the clarity of the ordinance and the forewarning that the required petition had not been filed, appellant chose to ignore them and rely instead upon an assurance that a petition could be later filed and thereby pursue his vacation plans. This assurance came not from an officer of the court nor an officer of the Board but from an unidentified clerk of the Board.

These circumstances are neither similar to nor of such extraordinary nature as those which have impelled our courts in a rare few cases to graft an exception to the otherw'se well-established rule requiring strict compliance with statutory provisions for appeal. For example, in *Nixon v. Nixon,* 329 Pa. 256, 198 A. 154 (1938), cited by appellant as supporting his position, a late filing of an appeal was allowed where the appellant had not been given proper notice of a court order from which an appeal would lie, thus effectively denying his right of appeal without fault on his part.

Even if one could characterize the act of the Court official or clerk in issuing the writ in this case as wrongful or negligent, there is not the slightest suggestion in the record that such act in any way misled or deceived appellant's counsel in believing that he had properly effected an appeal. Appellant's counsel was not in any way prevented from effecting the appeal, he simply ignored the statute affording the very right of appeal which he attempted to exercise. *See Wise v.*

*Cambridge Springs Boro.,* 262 Pa. 139, 104 A. 2d 863 (1918).

A recent pronouncement of the Supreme Court on this subject is found in *Commonwealth v. Phila. Eagles, Inc.,* 437 Pa. 25, 261 A. 2d 309 (1970), involving the timely entry of sufficient security incident to perfecting a tax appeal under Section 1104 of The Fiscal Code. In that case defendant attempted to raise an estoppel against the Commonwealth based upon certain statements made by state officials upon which he purportedly relied. In affirming the lower court's order quashing the appeal the court said at page 29: [W]here a statute prescribes a set period for the filing of security, we are not permitted to analyze the conduct of the parties in order to determine whether that period should be extended. The only proper reliance in such a situation is upon the statutory wording, and one party acts at its peril if it places its reliance on the actions or words of anyone or anything else.

While the *Eagles* case deals with perfecting an appeal as distinguished from effecting an appeal in the first instance, its holding discloses that the Supreme Court of Pennsylvania continues to insist upon strict compliance with statutory provisions for appeal.

For the foregoing reasons we would affirm the order of the Court below.

Judge ROY WILKINSON, JR., and Judge GLENN E. MENCER join in this dissenting opinion.