Pittsburgh *v.* P. U. C. and Duquesne Light Company.

Atomic Energy Commission *v.* P. U. C. and Duquesne Light Company.

Argued October 19, 1971, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MANDERINO, MENCER and ROGERS.

*Albert D. Brandon,* Utility Counsel, with him *Ralph Lynch, Jr.,* City Solicitor, for appellant, City of Pittsburgh.

*Joseph Gallo,* Counsel for U. S. Atomic Energy Commission, with him *Alan S. Rosenthal,* U. S. Department of Justice, and *S. John Cottone,* U. S. Attorney, for appellant, U. S. Atomic Energy Commission.

*Ronald Zeigler,* Assistant Counsel, with him *Edward Munce,* Acting Counsel, for appellee, Pennsylvania Public Utility Commission.

*Charles E. Thomas,* with him *David Dunlap, Jack F. Aschinger* and *Metzger, Hafer, Keefer, Thomas & Wood,* for intervening appellee, Duquesne Light Company.

OPINION BY JUDGE ROGERS, December 7, 1971:

The intervening appellee, Duquesne Light Company, has filed motions to quash appeals taken by the City of Pittsburgh and the Atomic Energy Commission from an order of the Public Utility Commission allowing Duquesne Light Company a rate increase. The appeals thus attacked were taken in each instance by the filing of a praecipe for appeal only.

The ground of the motions to quash is that the appeals were not taken in accordance with required statutory procedures.

The Pennsylvania Public Utility Law, Act of 1937, May 28, P. L. 1053, 66 P.S. 1101, provides a detailed procedure for appeals from orders of the Commission by its Article XI entitled Review and Appeals. Portions of that Article pertinent here are as follows:

"Section 1101(a). Within thirty days after the service of any order of the commission . . . any party to the proceedings affected thereby may appeal therefrom to the Superior Court. . . .

"Section 1101(b). All appeals to the Superior Court shall be by petition, setting forth specifically and concisely the . . . errors assigned to the order of the commission. . . . Each error relied on must be specified particularly and set forth in a separate numbered paragraph of the petition.

"Section 1102. The commission shall be immediately notified in writing by the appellant of the taking of an appeal and . . . shall certify, to the proper court as hereinbefore provided, the record of such proceedings. . . .

"Section 1105. An answer may be filed by the commission within thirty days after being served with notice of the taking of an appeal. Leave may also be given by the court to any other party to the record to file an answer. Upon the filing of an answer by the commission, or if no such answer is filed within thirty days after service of notice of appeal, the case shall be considered at issue. . . . Copies of the petition and answer, if any, shall be served upon the opposite party or parties within five days after filing the same."

No petition on appeal as described in Section 1101 (b) was filed by either appellant within thirty days after the Commission order. The City of Pittsburgh did file such a petition after the instant motion to quash its appeal was filed by Duquesne Light Company.

The Appellate Court Jurisdiction Act, Act of 1970, July 31, P. L.     , 17 P.S. 211.101 contains the following provisions here pertinent.

Section 403, 17 P.S. 211.403, which reads:

"The Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of administration agencies in any of the following cases:

"(1) All appeals from administrative agencies of the Commonwealth . . . including appeals from the Pennsylvania Public Utility Commission. . . ." and Section 508(e), 17 P.S. 211.508(e), which provides: "The

jurisdiction of the Superior Court specified in . . . Article XI, Act of May 28, 1937 (P. L. 1053), known as the 'Public Utility Law' is transferred to and vested in the Commonwealth Court and such provisions are hereby repealed insofar as inconsistent with such transfer." By Act No. 6 of 1971, approved June 3, 1971. The Appellate Court Jurisdiction Act was amended by the addition to subsection 509(a) thereof of a new subparagraph numbered 115, as follows:

"Section 509(a). The following acts and parts of acts are hereby repealed absolutely:

"(115) . . . as much of the first sentence as reads as follows: 'to the Superior Court' and the second and last sentences of subsection (a) and as much of the first sentence as reads as follows: 'to the Superior Court' of subsection (b) of section 1101 . . . Act of May 28, 1937 (P. L. 1053), known as the Public 'Utility Law'."

In all cases arising during the time that jurisdiction of appeals from the Commission was in the Superior Court, strict compliance with the provisions of Article XI of the Pennsylvania Public Utility Law was insisted upon and deviations from or neglect of these statutory procedures resulted in the quashing of appeals. In *George Hyam Associates, Inc. v. P. U. C.*, 199 Pa. Superior Ct. 1, 184 A. 2d 414 (1962), an appeal was quashed for failure of the petition to specify the error complained of as required by Section 1101(b) and for neglect to serve opposite parties with copies in accordance with the dictates of Section 1105. In *Allentown v. P. U. C.*, 173 Pa. Superior Ct. 219, 96 A. 2d 157 (1953), and *Department of Highways v. P. U. C.*, 189 Pa. Superior Ct. 111, 149 A. 2d 552 (1959), the appeals were quashed because not filed within thirty days after the Commission's order as required by Section 1101(a). In *Al Zeffiro Transfer and Storage Company v. P. U. C.*, 195 Pa. Superior Ct. 214, 171 A. 2d 800 (1961), the

appeals were quashed because the appellants were not parties to the proceedings before the Commission. These rulings are based upon the principle that where the right to appeal is statutory the appellant "must act in strict accord with . . . the governing legislation." *Smith v. Scholl,* 262 Pa. 124, 128, 105 A. 41, 42 (1918); *Oteri Appeal,* 372 Pa. 557, 94 A. 2d 772 (1953). More persuasively, the Act of 1806, March 21, P. L. 558.4 Sm. L. 326, §3, 46 P.S. 156, explicitly so provides. Article 5, Section 9 of the Pennsylvania Constitution did not affect previously enacted statutes prescribing reasonable procedures for taking appeals.

The appellants contend, the Atomic Energy Commission expressly and the City of Pittsburgh by implication, that the above quoted sections of The Appellate Court Jurisdiction Act of 1970, *supra,* repealed Article XI of the Pennsylvania Public Utility Law: that by conferring jurisdiction of appeals from the Public Utility Commission upon the Commonwealth Court by Section 403 and by transferring such jurisdiction from the Superior Court to the Commonwealth Court by Section 508(e), the Legislature intended that henceforth such appeals should be taken as other appeals to the latter court. There are a number of compelling reasons for rejecting this argument. First, the Appellate Court Jurisdiction Act of 1970 does not expressly repeal Article XI or any part thereof except, by Section 508(e), such provisions as are inconsistent with the transfer of jurisdiction of appeals from the Superior to the Commonwealth Court. Nothing in Article XI is in fact inconsistent with that simple transfer of jurisdiction except the designation of the Superior Court as the forum for appeal. Section 509(a) of Act No. 6 of 1971 simply recognizes this fact and makes explicit what was theretofore implicit. Second, there is a presumption against implied repeal. *Snyder's Appeal,* 302 Pa. 259, 153 A. 436 (1931); *In re Jennerstown Bor-*

*ough*, 423 Pa. 609, 225 A. 2d 247 (1966); The Statutory Construction Act, Act of 1937, May 28, P. L. 1019, §91, 46 P.S. 591. Only if a later law is irreconcilable may it be held to effect repeal by implication. The Appellate Court Jurisdiction Act of 1970 is not only reconcilable with Article XI of the Pennsylvania Public Utility Law, it expressly confirms that Article's continued effectiveness. Lastly, this court has recognized that appeals to it from the Commission are to be as prescribed by Article XI. *York v. P. U. C.*, 3 Pa. Commonwealth Ct. 270,    A. 2d    (1971) (No. 25 C.D. 1971).

The City of Pittsburgh further contends that because the Rules of the Commonwealth Court contain no provision for a petition on appeal except where the application is for interlocutory relief (Rule 112) or where the appeal is from an interlocutory order (Rule 115), Article XI of the Pennsylvania Public Utility Law has somehow been suspended by the Rules of this Court. Aside from the fatal non sequitur of this argument, the Commonwealth Court has no power to suspend the operation of Acts of Assembly by procedural rules, as does the Supreme Court by the Act of 1937, June 21, P. L. 1982, 17 P.S. 61.

Finally, appellants contend that we should allow their appeals in the interest of justice. This argument assumes incorrectly that we have discretion in the matter. Failure to perfect an appeal within the time allowed by statute is a defect in the proceeding of which the appellate court must take notice, even on its own motion. We have no power to extend the time limit for filing an appeal. *Department of Highways v. P. U. C.*, *supra*. Neither appellant complains that its failure to make timely appeal involved "fraud or some breakdown in the court's operations through a default of its officers." *Nixon v. Nixon*, 329 Pa. 256, 198 A. 154 (1938). See also *Tuttle Unemployment Compensation Code*, 160

Pa. Superior Ct. 51, 49 A. 2d 870 (1946) and *Layton v. Unemployment Compensation Board*, 156 Pa. Superior Ct. 225, 40 A. 2d 125 (1944). The effect of *Anna Christensen v. Zoning Board of Adjustment*, 1 Pa. Commonwealth Ct. 32, 271 A. 2d 889 (1970), is limited to its peculiar factual situation carefully stated in the concurring opinion of Judge (now Justice) BARBIERI. There, upon timely oral application of counsel, a writ of certiorari to a zoning board was issued, although a petition for allowance of appeal required by ordinance was not filed within the prescribed time. The writ was the second issued in the case, an appeal from an earlier order having resulted in a remand to the board. The actual issuance of the writ, and assurances by a court officer that the written petition might follow after the appeal time, were held to bring the case within the rule of *Nixon v. Nixon, supra*. By contrast, we have here only the simple failure of both appellants to comply with statutory procedures their counsel erroneously believed to be ineffective.

Accordingly, the appeals of the City of Pittsburgh and of the Atomic Energy Commission are quashed.

---

DISSENTING OPINION BY JUDGE MANDERINO:

I dissent. The majority opinion, by a highly technical, strained and inaccurate interpretation of the Appellate Court Jurisdiction Act, helps to preserve the procedural chaos which the Legislature attempted to eliminate in the appellate courts of Pennsylvania. It is apparent from even a quick perusal of the Appellate Court Jurisdiction Act that the Legislature attempted to provide a unified and comprehensive procedural system for our appellate courts. In no uncertain terms, that Act provides that "appeals . . . shall be filed . . . in such form as may be prescribed by . . . rule of court." Act of July 31, 1970, P. L.     , Act No. 223, 17 P.S. 211.502(e). The Commonwealth Court has promulgated

rules for taking appeals to this court and the appellant complied with all rules of this court. The appeal should not be quashed.

The appeal procedures of Section 1101(b) of the Pennsylvania Public Utility Law, which the majority cites, are no longer in effect. They were repealed by Section 509(f) of the Appellate Court Jurisdiction Act, *supra,* 17 P.S. 211.509(f). This court was clearly given the authority by the Legislature to enact rules concerning the form of appeals and the appeal procedures outlined in the Public Utility Law are inconsistent with the properly enacted Rules of the Commonwealth Court.