King Productions, Inc., Lessee, and Oscar Bluestone, Owner v. Board of Adjustment of the City of Pittsburgh. King Productions, Inc., Lessee, and Oscar Bluestone, Owner, Appellants.

Argued October 29, 1976, before Judges WILKIN-SON, JR., ROGERS and BLATT, sitting as a panel of three.

*Diane Evryl Reese,* with her *Harvey E. Robins,* and *Brennan, Robins & Daley,* for appellants.

*D. R. Pellegrini,* Assistant City Solicitor, with him *Mead J. Mulvihill, Jr.,* City Solicitor, for appellees.

OPINION BY JUDGE WILKINSON, December 1, 1976:

Appellants appeal from the decision of the Court of Common Pleas of Allegheny County quashing their appeal from the decision of the Zoning Board of Adjustment of the City of Pittsburgh (Board). We affirm.

After a hearing, the Board on September 26, 1975, denied appellants' request for an occupancy permit and alternative parking. A ''Notice of Appeal'' was filed by the appellants on October 8, 1975. Appellees

filed a motion to quash on October 31, 1975, which was granted by the court below on January 14, 1976.

Appeals from decisions of the Board must be taken in accordance with Section 7 of the Act of March 31, 1927, P.L. 98, *as amended*, 53 P.S. §25057. The pertinent provisions read:

> Any person or persons jointly or severally aggrieved by any decision of the board of adjustment ... may present to the court of common pleas of the county wherein said city may be located, a petition duly verified, setting forth that such decision is illegal in whole or in part, specifying the grounds of the illegality. Such petition shall be presented to the court within thirty (30) days after the filing of the decision in the office of the board.
>
> Upon the presentation of such petition, the court may allow a writ of certiorari. . . .

The record shows that the appellants did not file a petition for a writ of certiorari within thirty days from the filing of the decision of the Board. Rather, they filed a "Notice of Appeal."[1] Because of the failure to strictly comply with statutory requirements, the appeal must be quashed.[2]

> [W]here the right to appeal is statutory the appellant 'must act in strict accord with . . . the governing legislation.' [Citations omitted.]

*Pittsburgh v. Public Utility Commission & Duquesne Light Co.*, 3 Pa. Commonwealth Ct. 546, 551, 284 A.2d 808, 810 (1971).

This is because:

---

[1] A "Notice of Appeal" is proper under Section 1008 of the "Pennsylvania Municipalities Planning Code," Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §11008. The Code is not applicable to second class cities, however.

[2] It is important to note that appellants did not file a motion to amend the "Notice of Appeal" to supply it with an affidavit, and to then present it to the court as timely filed.

The timeliness of an appeal and compliance with statutory provisions which grant the right of appeal go to the jurisdiction of our court and its competency to act. *Commonwealth v. Bey,* 437 Pa. 134, 136, 262 A.2d 144, 145 (1970).

Appellants rely on *Christiansen v. Zoning Board of Adjustment,* 1 Pa. Commonwealth Ct. 32, 271 A.2d 889 (1970). That case, however, has been "limited to its peculiar factual situation." *Pittsburgh, supra,* at 553, 284 A.2d at 811. There, upon timely oral application, a writ was issued. A written petition was not filed within the prescribed time because of the assurances of a court officer that the written petition could follow the appeal time. This action was sufficient to bring the case within the rule of *Nixon v. Nixon,* 329 Pa. 256, 198 A. 154 (1938) (fraud or some breakdown of the court's operations through a default of its officers). Appellants cannot invoke this rule, so their appeal must be quashed.

Therefore, we enter the following

ORDER

Now, December 1, 1976, the order of the Court of Common Pleas of Allegheny County, dated January 14, 1976, quashing appellants' appeal is affirmed.