In Re: Appeal of J. C. Penney Co., Inc., From the Board of Property Assessment, Appeals and Review of Allegheny County, Pennsylvania. J. C. Penney Company, Inc., Appellant.

In Re: Appeal of J. C. Penney Co., Inc., From the Board of Property Assessment, Appeals and Review of Allegheny County, Pennsylvania. J. C. Penney Company, Inc., Appellant.

In Re: Appeal of J. C. Penney Co., Inc., From the Board of Property Assessment, Appeals and Review of Allegheny County, Pennsylvania. J. C. Penney Company, Inc., Appellant.

In Re: Appeal of J. C. Penney Co., Inc., From the Board of Property Assessment, Appeals and Review of Allegheny County, Pennsylvania. J. C. Penney Company, Inc., Appellant.

Argued March 14, 1985, before Judges MacPhail, Barry and Collins, sitting as a panel of three.

538

 

*Seth I. Davenport,* with him, *John E. Garippa,* for appellant.

*Martin W. Sheerer,* with him, *James H. McLean* and *Ira Weiss,* for appellees.

OPINION BY JUDGE BARRY, May 30, 1985:

J. C. Penney Co., Inc. (appellant) appeals four orders of the Court of Common Pleas of Allegheny County quashing as untimely its appeals from decisions by the Board of Property Assessment, Appeals and Review of Allegheny County (Board).

These four appeals involve assessments of two properties owned by appellant. Nos. 3105 and 3106 C.D. 1982 arise from tax appeals which were filed with the trial court in 1981 (1981 appeals), and involve identical factual issues. Nos. 3107 and 3108 C.D. 1982 are tax appeals which were filed in 1982 (1982 appeals) concerning the same two properties as the 1981 appeals and, which again, involve identical factual issues.

The notices of change in assessment which gave rise to the 1981 appeals were mailed by the Board on March 20, 1981. On April 20, 1981, at 2:45 p.m., the Prothonotary received appellant's timely petitions seeking review of the Board's assessments. However, without filing them, the Prothonotary returned the petitions to appellant's attorney because they did not fully conform to the requirements set forth in Rule 198.6 of the Allegheny County Rules of Court. More

specifically, they each lacked an attorney identification sheet and a piece of tape to cover the staples at the top of the front page. These adjustments were made and the petitions were eventually filed on May 1, 1981.

In 1982, the Board sent out notices regarding the assessment of the same two properties. The notices were dated January 20, 1982. However, the petitions appealing these assessments were not filed until February 24, 1982.

On November 3, 1982, the trial court issued four orders quashing all of the 1981 and 1982 appeals. The court wrote four separate but identical opinions explaining its reasons for quashing the appeals. It noted that a court may extend a statutorily fixed appeal period only in situations where the delay is due to some form of fraud, deception, coercion, duress or a breakdown in the operations of the court. Since none of these factors were found to exist in the case at hand, the trial court concluded that it had no choice but to quash the appeals.

No one disputes the fact that Section 5571(b) of the Judicial Code, 42 Pa. C. S. §5571(b) requires an appeal to be commenced within thirty days from the entry of the order which is being appealed. Appellant argues, however, that its 1981 appeals were, in fact, received by the Prothonotary within thirty days from when the orders were entered. Therefore, this is not a situation where the court is asked to *extend* the filing time. Rather, it is simply a question of whether appellant substantially complied with the applicable filing rules. Appellant readily admits that its 1981 appeals did lack the required tape and attorney identification sheet. However, it argues that these omissions are de minimis and it urges this Court to reinstate its appeals. We agree.

Pa. R.C.P. No. 126 specifically provides that: [R]ules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.

Although we strongly believe that local rules of court must be adhered to because they serve very important functions, we must conclude that the omissions in question were truly of a de minimis nature and the petitions must, therefore, be deemed to have been properly filed on the date they were received by the Prothonotary. To do otherwise would be exulting form over substance.

Because the 1981 appeals were timely filed, we need not consider the timeliness of the 1982 appeals. Section 9 of The General County Assessment Law, Act of June 26, 1931, P.L. 1379, *as amended*, 72 P.S. §5350 (c), provides that a taxpayer who has filed an appeal from a tax assessment will be deemed to have appealed all subsequent assessments of that property, so long as the first appeal is still pending before the Board or a court.

Orders vacated; case remanded.

ORDER IN 3105 C.D. 1982

Now, May 30, 1985, the order of the Common Pleas Court of Allegheny County, dated November 3, 1982, at G.D. 81-11322, is hereby vacated and the matter is remanded for proceedings not inconsistent with this opinion.

Jurisdiction relinquished.

ORDER IN 3106 C.D. 1982

Now, May 30, 1985, the order of the Common Pleas Court of Allegheny County dated November 3, 1982, at G.D. 81-11323 is hereby vacated and the matter is remanded for proceedings not inconsistent with this opinion.

Jurisdiction relinquished.

ORDER IN 3107 C.D. 1982

Now, May 30, 1985, the order of the Common Pleas Court of Allegheny County, dated November 3, 1982, at G.D. 82-04251, is hereby vacated and the matter is remanded for proceedings not inconsistent with this opinion.

Jurisdiction relinquished.

ORDER IN 3108 C.D. 1982

Now, May 30, 1985, the order of the Common Pleas Court of Allegheny County, dated November 3, 1982, at G.D. 82-04252, is hereby vacated and the matter is remanded for proceedings not inconsistent with this opinion.

Jurisdiction relinquished.