607 A.2d 301

**Mary HINES, Appellant,**

**v.**

**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY and Kawasaki Heavy Industries, Inc. and American Seating Company, Appellees.**

Commonwealth Court of Pennsylvania.

Argued March 6, 1992.

Decided April 10, 1992.

William Boyd Spencer, for appellant.

Maurice G. Hamel, for appellees.

Before COLINS and KELLEY, JJ., and LEDERER, Senior Judge.

COLINS, Judge.

Before the Court is an appeal by Mary Hines (appellant) from an order of the Court of Common Pleas of Philadelphia County, which granted Southeastern Pennsylvania Transportation Authority's (SEPTA) motion to quash her appeal of an arbitration award for failure to comply with the notice requirements under Pa.R.C.P. No. 1308. We affirm.

Appellant filed a complaint against SEPTA on September 21, 1987, alleging damages for personal injuries sustained in

an accident involving a defective seat on a SEPTA trolley on September 25, 1985. Prior to an arbitration hearing, settlements were effected with appellees Kawasaki Heavy Industries, Inc. and American Seating Company, who are no longer participating in this case. An arbitration hearing was held on June 30, 1988, resulting in a decision in favor of SEPTA, docketed on July 5, 1988.

Appellant maintains that she filed an appeal from the arbitrator's decision on July 27, 1988. However, Common Pleas' docket reveals that a Demand for a Jury Trial and a Praecipe to Proceed In Forma Pauperis were the only documents filed on July 27, 1988. The matter first appeared on the monthly civil trial non-jury list on September 4, 1990. Appellant applied for a continuance, and the matter was again listed on the civil trial non-jury list on March 8, 1991.

SEPTA filed a motion to quash the appeal on December 12, 1990, on grounds that appellant failed to file a notice of appeal. Common Pleas granted SEPTA's motion to quash on the basis that appellant "failed to file the requisite notice of appeal with the Prothonotary under Pa.R.C.P. 1308." Appellant appealed to Superior Court on March 13, 1991, which subsequently transferred the appeal to this Court.

Appellant argues that she made a valid and honest effort to comply with and substantially complied with the Rules of Civil Procedure in filing her appeal and, therefore, that her appeal from the arbitrator's award should be reinstated. Rule 1308 reads in its entirety, as follows:

**RULE 1308. APPEAL. Arbitrator's Compensation. Notice**

(a) An appeal from an award *shall* be taken by

(1) *filing a notice of appeal in the form provided by Rule 1313* with the prothonotary of the court in which the action is pending *not later than thirty days after the entry of the award on the docket,* and

(2) payment to the prothonotary of the compensation of the arbitrators not exceeding fifty percent of the amount

in controversy, which shall not be taxed as costs or be recoverable in any proceeding;

provided that the court, in an appropriate case, upon petition may permit the appellant to proceed in forma pauperis.

(b) The appellant shall provide the prothonotary with the required notice for mailing and properly stamped and addressed envelopes. The prothonotary shall give notice to each other party of the taking of the appeal. Failure to give the notice shall not invalidate the appeal.

(c) The appellant shall not be required to post any bond, recognizance or other security or to pay any record costs which have accrued in the action. All record costs shall abide the event.

Pa.R.C.P. No. 1308 (emphasis added). Rule 1313(a) specifically sets out the required form for a notice of appeal, as follows:

(a) *The notice of appeal shall be in substantially the following form:*

(Caption)

## NOTICE OF APPEAL
## FROM AWARD OF BOARD OF ARBITRATORS

TO THE PROTHONOTARY:

Notice is given that _____ appeals from the award of the board of arbitrators entered in this case on _____.

A jury trial is demanded ☐.

(Check box if a jury trial is demanded. Otherwise jury trial is waived.)

I hereby certify that

(1) the compensation of the arbitrators has been paid, or

(2) application has been made for permission to proceed in forma pauperis. (Strike out the inapplicable clause.)

Appellant or Attorney for Appellant

Pa.R.C.P. No. 1313(a) (emphasis added).

 Appellant's attorney admits that he failed to file the requisite notice of appeal but argues that his filing of the Demand for a Jury Trial and the Praecipe to Proceed In Forma Pauperis, both docketed by the prothonotary, constituted substantial compliance with the rules. Appellant also argues that the fact that this matter was later scheduled for trial supports her assertion that a valid appeal was made, because the prothonotary would not have listed the matter if he or she had thought the appeal was not perfected. Initially, we note that the latter argument, not having been raised below, has been waived. Even if it had not been waived, there is not a scintilla of evidence in the record that would support the argument.

SEPTA counters that: (1) appellant has waived any argument concerning substantial compliance with Pa.R.C.P. Nos. 1308(a) and 1313, since appellant's argument presented to Common Pleas addressed only substantial compliance pursuant to Pa.R.C.P. No. 126; and (2) appellant's argument must fail because there "is no authority for applying the 'substantial compliance' test to a case where the Notice of Appeal has not been filed."

Rule 126 generally provides for a liberal construction and application of the Rules of Civil Procedure and states that "[t]he court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties." Rule 126 is applicable to all rules of civil procedure including those at issue here. Therefore, we conclude appellant has not waived her argument regarding substantial compliance.

 However, regarding application of Rule 126, we are in agreement with the Superior Court that:

[i]n interpreting the rules of procedure in light of Rule 126, we also remain mindful of Pa.R.C.P. 127(b), which states '[w]hen the words of a rule are clear and free from all ambiguity, the letter of it is not to be disregarded

under the pretext of pursuing its spirit.' Thus, although the rules are to be liberally construed, a party seeking redress *cannot substantially deviate from the clear mandates of the rules* for filing an appeal from an arbitration award.

*Lough v. Spring*, 383 Pa.Superior Ct. 85, 90 n.2, 556 A.2d 441, 443 n.2 (1989) (emphasis added). SEPTA is correct in its counter-argument that all of the cases cited by appellant involve situations where the required notice of appeal had been filed but where there existed various minor defects such as, mistaken payment of less than the amount of costs actually due, *Meta v. Yellow Cab Company of Philadelphia*, 222 Pa.Superior Ct. 469, 294 A.2d 898 (1972), *overruled on other grounds, Black & Brown, Inc. v. Home for the Accepted, Inc.*, 233 Pa.Superior Ct. 518, 335 A.2d 722 (1975), and *Pullium v. Laurel School District*, 316 Pa.Superior Ct. 339, 462 A.2d 1380 (1983); and, failure to make timely and full payment of costs, *Black & Brown, Inc.* Other similar cases include *Briga v. Ken–Tuck Signs, Inc.*, 279 Pa.Superior Ct. 537, 421 A.2d 329 (1980), wherein a party failed to attach a superfluous copy of the original complaint in accordance with local rules; and *Menarde v. Southeastern Pennsylvania Transportation Authority*, 224 Pa.Superior Ct. 536, 309 A.2d 160 (1973), *overruled on other grounds, Black & Brown, Inc.*, wherein the errors on appeal consisted of typographical mistakes in the filing. Additionally, appellant cites to the cases of *Wilk v. Girard Bank*, 342 Pa.Superior Ct. 488, 493 A.2d 695 (1985) and *Mikita v. Bailey Homes, Inc.*, 265 Pa.Superior Ct. 399, 401 A.2d 1367 (1979). Suffice it to say that both of these cases are factually inapposite and lend no support to appellant's argument.

The Pennsylvania Supreme Court in *James F. Oakley, Inc. v. School District of Philadelphia*, 464 Pa. 330, 346 A.2d 765 (1975), reversed *Meta* and its progeny insofar as they held that the statutory requirement that costs be paid in appeals from arbitrators' decisions was discretionary and not mandatory. Although the court's analysis in *Oakley*

focused on since repealed Section 27(IV) of the Act of June 16, 1836, P.L. 715, *as amended,* 5 P.S. § 71(IV), which governed the payment of costs in conjunction with an appeal,[1] we adopt the reasoning therein as applicable to the present matter. The *Oakley* court stated:

> We are unable to find any justification for giving the word *shall* a different meaning in one sentence than we give it in a different sentence of the same section of the Act of 1836. The only proper conclusion is that the word *shall* preceding the words *pay all the costs that may have accrued* must be considered mandatory in meaning in the same manner as the word *shall* has been considered mandatory when referring to the time period for entering an appeal.

*Id.,* 464 Pa. at 334–35, 346 A.2d at 767 (emphasis in original). The court held that statutory requirements for perfecting an appeal are mandatory and jurisdictional. However, the court further held that where it can be shown that "fraud or some breakdown in the court's operation causes the failure to comply with statutory requirements, the appeal should not be quashed." *Id.,* 464 Pa. at 335, 346 A.2d at 767. The appellant in *Oakley* mistakenly paid $211 for accrued costs and arbitrator's fees instead of the correct amount of $240.50. Our Supreme Court determined that the error resulted from the prothonotary's inaccurate notice of the accrued costs and that the inaccurate notice constituted a breakdown in the court's operation. Therefore, the court never reached the question of whether the appellant had substantially complied with the rule.

Applying the *Oakley* rationale to the instant matter, we conclude that the substantial compliance argument is not applicable, because appellant simply didn't comply. Rule 1308 requires that a notice of appeal must be filed with the prothonotary. Having failed to file the requisite notice of appeal, appellant never perfected an appeal. To hold other-

---

1. Pa.R.C.P. No. 1308(c) abolished the historic practice of requiring an appellant to pay accrued costs in full and to post a bond in the event further costs accrued. See also Explanatory Note following Pa.R.C.P. No. 1308.

wise would be to disregard the plain language of the statute. Additionally, we can find nothing in the record that would provide a basis upon which we could conclude that appellant's failure to comply was the result of fraud or breakdown in the court's operations.

In accordance with the foregoing discussion, the order of the Court of Common Pleas of Philadelphia County is affirmed.

## ORDER

AND NOW, this 10th day of April, 1992, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is affirmed.