**SOUTHERN CHESTER COUNTY CONCERNED CITIZENS OR-GANIZATION, Appellant**

v.

**The ZONING BOARD OF LOWER OXFORD TOWNSHIP, Michael Losito and Andrew Jones.**

Commonwealth Court of Pennsylvania.

Argued Oct. 30, 2007.

Decided Nov. 29, 2007.

Reargument Denied Jan. 18, 2008.

Vivian B. Narehood, Lancaster, for appellant.

George A. Brutscher, Kennett Square, for appellees, Michael Losito and Andrew Jones.

BEFORE: FRIEDMAN, Judge, SIMPSON, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge FRIEDMAN.

Southern Chester County Concerned Citizens Organization (SCCCCO) appeals from the March 7, 2007, order of the Court of Common Pleas of Chester County (trial court) granting the motion filed by Michael Losito and Andrew Jones to strike SCCCCO's land use appeal. We affirm.

The facts are not in dispute. On August 29, 2005, Losito and Jones submitted an application to the Zoning Hearing Board of Lower Oxford Township (ZHB), which included a substantive challenge to a township ordinance and, alternatively, a request for a variance. By written decision dated October 2, 2006, the ZHB granted Losito and Jones a variance.

On October 30, 2006, SCCCCO submitted a notice of appeal to the trial court via overnight mail. Notice of the appeal also was sent to all parties. The notice arrived at the county courthouse on October 31, 2006. However, in mailing the appeal, SCCCCO inadvertently omitted the filing fee. The prothonotary returned the document with a notice explaining that no filing

fee had been enclosed.[1] SCCCCO returned the appeal with the filing fee by mail, and the appeal was docketed and time stamped on November 3, 2006. (R.R. at 34a, 37a.)

On November 30, 2006, Losito and Jones filed a motion to strike the appeal on the grounds that it was not filed within thirty days of the ZHB's order, i.e, on or before November 1, 2006, as required by section 1002–A of the Pennsylvania Municipalities Planning Code (MPC).[2] SCCCCO argued that its notice of appeal *arrived* at the county courthouse on October 31, 2006, and, therefore, it had fully complied with the requirements of the MPC. The trial court observed that the appeal was not accepted by the prothonotary on October 31st and that the prothonotary was not required to accept the appeal where the required fee was not paid.[3] The trial court determined that the appeal was not filed until November 3, 2006, when the filing fee was paid and the appeal was docketed. Concluding that the appeal was filed beyond the thirty-day appeal period imposed by the MPC, the trial court granted the motion to strike and dismissed the appeal. SCCCCO now appeals to this court.[4]

█ SCCCCO argues that the trial court erred in dismissing the appeal where the notice of appeal "was timely filed" with the court and timely served on all other parties but not docketed by the prothono-

tary because the filing fee was inadvertently omitted.

Section 1002–A of the MPC states that all appeals from land use decisions must be filed within thirty days after entry of the decision. 53 P.S. § 11002–A. Section 2 of the Act of November 26, 1982 (Filing Fee Act), P.L. 744, 42 P.S. § 21072, states that "[f]iling shall mean and include docketing, entering, indexing and filing." The filing fee is a statutory requirement, section 1725 of the Judicial Code, 42 Pa.C.S. § 1725, and, pursuant to section 3(b) of the Filing Fee Act, the prothonotary is not required to enter an appeal on the docket until the filing fee is paid. 42 P.S. § 21073(b). Here, the filing fee was paid on November 3, 2006, and the prothonotary docketed the appeal on that date. There is no dispute that the thirty-day appeal period expired on November 1, 2006.

█ Where, as here, the right to appeal is statutory, the appellant must act in strict accordance with the governing statutory provisions. *King Productions, Inc. v. Board of Adjustment,* 27 Pa.Cmwlth. 256, 367 A.2d 322 (1976). The timeliness of an appeal and compliance with the statutory provisions that grant the right of appeal go to the jurisdiction of the court and its competency to act. *Id.*

Relying on *Christiansen v. Zoning Board of Adjustment (Philadelphia),* 1 Pa. Cmwlth.32, 271 A.2d 889 (1970), SCCCCO

---

1. The notice also informed SCCCCO that one original and one copy, along with an envelope and postage for certified mail, must be provided.

2. Act of July 31, 1968, P.L. 805, *as amended,* added by the Act of December 21, 1988, P.L. 1329, 53 P.S. § 11002–A.

3. Section 3(b) of the Act of November 26, 1982, P.L. 744, 42 P.S. § 21073(b), states in pertinent part that:

The prothonotary shall not be required to enter on docket any suit or action or order of court or enter any judgment thereon or perform any services whatsoever for any person, political subdivision or the Commonwealth until the requisite fee is paid.

4. Our scope of review of a trial court's order quashing an appeal as untimely is limited to determining whether the trial court abused its discretion or committed an error of law. *Magyar v. Zoning Hearing Board of Lewis Township,* 885 A.2d 123 (Pa.Cmwlth.2005).

first argues that the appeal should not have been stricken because the primary purpose of statutory time limitations is to provide notice to other parties, and that purpose was satisfied in this case. In *Christiansen*, the Philadelphia Zoning Board of Adjustment (ZBA) denied the appellant's application for a variance on July 9, 1969. On July 30, 1969, appellant's counsel obtained a writ of certiorari from the prothonotary's office without first filing the petition to obtain the writ as required by the ordinance. The writ was duly stamped and issued to the ZBA. On August 6, 1969, the appellant's counsel was contacted by the ZBA and reminded that the petition was missing. The unnamed caller assured the appellant's counsel that the petition would be accepted when counsel returned from vacation. The appeal period expired on August 9, 1969, and the appellant's counsel filed the required petition on August 28, 1969. The trial court granted a motion to quash the appeal as untimely, and the appellant appealed to our court.

Reversing the trial court, the court in *Christiansen* rejected the appellant's alternative arguments that the timely issuance of the writ itself was sufficient to perfect the appeal or that the untimely filing should be ignored based on the assurances received from a representative of the ZBA. Instead, the court stated as follows:

> We think this is a classic case calling for the full use of this Court's interpretive powers in making a just and proper determination.
> It is our judgment that time limitations have as their prime function notification to all parties that no appeal will be asserted beyond that date and the prospect of protracted litigation is laid to rest.

*Id.* at 891. The court concluded that "the delayed filing was and is of no conse-

quence," reasoning that "the *purpose* of the statutory requirement was fulfilled in a timely, albeit, irregular fashion." *Id.* at 892 (emphasis added).

However, the rationale in *Christiansen* has never been followed. Indeed, five of the six appellate decisions that cite *Christiansen* mischaracterize the holding as involving an administrative breakdown of the court's operation. Furthermore, in *King Productions* and *City of Pittsburgh v. Pennsylvania Public Utility Commission*, 3 Pa.Cmwlth. 546, 284 A.2d 808 (1971), the court specifically limited the holding in *Christiansen* to "its peculiar factual situation." Accordingly, we disagree with SCCCCO that the decision in *Christiansen* provides compelling legal support for its position.

SCCCCO next argues that: (1) filing fees are permitted under 42 Pa.C.S. § 1725, which establishes filing fees for various actions; (2) under 42 P.S. § 21073(b), prothonotaries may exercise discretion as to whether to docket any action until the requisite filing fee is paid; and (3) the court should not exercise this discretion so as to violate Pa. R.C.P. No. 126.

We note that, in contrast to SCCCCO's characterization of the statute, this court has previously observed that 42 Pa.C.S. § 1725 *requires* the payment of filing fees to commence an action. *Henning v. Department of Transportation, Bureau of Driver Licensing*, 687 A.2d 20 (Pa.Cmwlth. 1996) (citing 42 Pa.C.S. § 1725 and stating that the only requisite to perfecting an appeal from a license suspension is that it be accompanied by the appropriate filing fee); *Department of Transportation, Bureau of Motor Vehicles v. Shemer*, 157 Pa.Cmwlth. 380, 629 A.2d 1063, *appeal denied*, 536 Pa. 635, 637 A.2d 294 (1993).

The facts in *Shemer* are strikingly similar to those presented here. In *Shemer*,

the licensee received a notice of suspension bearing a mail date of May 20, 1991. On June 19, 1991, the secretary for the licensee's attorney went to the prothonotary to file the licensee's appeal; however, the filing fee did not accompany the petition. The secretary tendered the filing fee the following day, June 20, 1991, at which time the prothonotary time-stamped the appeal petition. We observed in *Shemer* that, as in this case, the prothonotary did not accept the appeal until the filing fee was paid. Noting that 42 Pa.C.S. § 1725 requires the payment of a filing fee, we held that the licensee's appeal was not filed until June 20, 1991, one day after the thirty-day appeal period. We held that the appeal was untimely, and, as a result of that untimeliness, the common pleas court did not have jurisdiction over the licensee's appeal. Here, as in *Shemer*, SCCCCO failed to satisfy the statutory filing fee requirement within the thirty-day appeal period.

■ SCCCCO also argues that, pursuant to Pa. R.C.P. No. 126, an appeal should not be quashed for failure to comply with technical requirements. Pa. R.C.P. No. 126 provides that:

> The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.

In this regard, SCCCCO relies on *Appeal of J.C. Penney Co., Inc.*, 89 Pa.Cmwlth. 537, 492 A.2d 1189 (1985), and similar cases involving a *de mimimis* failure to conform to local rules and holding that dismissal of a case for such *de minimis* departure from the rules would be inconsistent with Rule 126. In *Appeal of J.C.*

*Penney*, for example, the appellants timely filed petitions seeking review of changes in assessments. However, the prothonotary returned the petitions without filing them because they each lacked an attorney identification statement and a piece of tape over staples, as required by local rules of court. After curing these defects, the appellants eventually filed the petitions beyond the statutory appeal period. The trial court quashed the appeals as untimely, but our court reversed. Relying on Rule 126, we held that the omissions in question were truly *de minimis*, and, therefore, the petitions must be deemed to be properly filed on the date they were presented to the prothonotary.

■ However, our courts will not apply Rule 126 to override statutory requirements for perfecting an appeal. *Hines v. Southeastern Pennsylvania Transportation Authority*, 147 Pa.Cmwlth. 189, 607 A.2d 301 (1992); *Rostosky v. Department of Environmental Resources*, 26 Pa. Cmwlth. 478, 364 A.2d 761 (1976). In *Hines*, an arbitration decision was docketed on July 5, 1988. The appellant filed a Demand for a Jury Trial and a Praecipe to Proceed in Forma Pauperis on July 27, 1988, but she did not file the Notice of Appeal required by Pa. R.C.P. No. 1308. The trial court granted a motion to quash the appeal. Thereafter, the appellant argued that the documents she filed constituted substantial compliance with Rule 1308 and that the appeal should be considered timely under Rule 126. The court in *Hines* rejected that argument, explaining that:

> [I]n interpreting the rules of procedure in light of Rule 126, we also remain mindful of Pa. R.C.P. 127(b), which states 'when the words of a rule are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.'

Thus, although the rules are to be liberally construed, a party seeking redress cannot substantially deviate from the clear mandates of the rules for filing an appeal from an arbitration award.

*Hines,* 607 A.2d at 303 (quoting *Lough v. Spring,* 383 Pa.Super. 85, 556 A.2d 441, 443 n. 2 (1989)). The court observed that statutory requirements for perfecting an appeal are mandatory and jurisdictional and held that, having failed to file a notice of appeal, the appellant never perfected an appeal.

Although timeliness was not at issue in *Hines,* where the appellant made no belated attempt to satisfy the statutory requirement, that issue was addressed in *Rostosky.* In *Rostosky,* the appellant sent his notice of appeal to the Department of Environmental Resources' Bureau of Administrative Enforcement, instead of the Environmental Hearing Board (EHB). The appeal was finally docketed beyond the statutory time period, and, thereafter, the EHB quashed the appeal as untimely. Relying on Rule 126, the appellant argued that the court should allow his appeal in the interest of justice. However, the court refused to do so. We explained in *Rostosky* that:

> [The appellant's] argument assumes incorrectly that we have discretion in the matter. *Failure to perfect an appeal within the time allowed by statute* is a defect in the proceeding of which the appellate court must take notice, even on its own motion. We have no power to extend the time limit for filing an appeal.

*Rostosky,* 364 A.2d at 764 (quoting *City of Pittsburgh,* 284 A.2d at 811) (emphasis added).

Here, SCCCCO failed to perfect its appeal within the thirty-day appeal period, 42 Pa.C.S. § 1725, 53 P.S. § 11002–A, and,

therefore, the trial court properly dismissed its appeal.

Accordingly, we affirm.

## ORDER

AND NOW, this 29th day of November, 2007, the order of the Court of Common Pleas of Chester County, dated March 7, 2007, is hereby affirmed.