IN THE COMMONWEALTH COURT OF PENNSYLVANIA

The Sheward Partnership, LLC,     :
    : No. 1090 C.D. 2015
                Petitioner     : Submitted: December 7, 2015
    :
           v.     :
    :
Department of General Services,     :
    :
             Respondent     :

BEFORE:   HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
             HONORABLE PATRICIA A. McCULLOUGH, Judge
             HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN           FILED: January 5, 2016

The Sheward Partnership, LLC (Sheward) petitions for review of the June 11, 2015, order of the Board of Claims (Board) sustaining the preliminary objections filed by the Commonwealth of Pennsylvania, Department of General Services (DGS) and dismissing Sheward's statement of claim. We affirm.

Sheward provides architectural and other professional design services to governmental, institutional, and commercial clients. On September 27, 2007, Sheward and DGS executed a professional services contract (Contract) for the design and construction of a new county maintenance garage in Middlesex Township, Cumberland County.

On May 5, 2014, Sheward sent an administrative claim letter to DGS, seeking to recover outstanding costs and fees in the amount of $510,814.36. DGS received the letter the following day, on May 6, 2014. DGS did not issue a determination on Sheward's administrative claim.

Thereafter, on September 19, 2014, Sheward filed a statement of claim against DGS to recover damages in the amount of $522,277.74 allegedly incurred during its performance of the Contract. On October 17, 2014, DGS filed preliminary objections, asserting, *inter alia*, that the Board lacks jurisdiction because Sheward filed its statement of claim beyond the 135-day deadline set forth in section 1712.1(e) of the Commonwealth Procurement Code (Code), 62 Pa. C.S. §1712.1(e).[1] After briefing by the parties and an evidentiary hearing, the Board entered an order sustaining DGS's preliminary objection based on lack of jurisdiction and dismissing Sheward's statement of claim. Sheward now appeals from that decision.[2]

On appeal, Sheward asserts that the Board erred in calculating the 135-day period under section 1712.1(e) of the Code. Sheward claims that the Board improperly began counting the 135-day period on May 6, 2014, when DGS received its administrative claim letter, when it should have begun counting on May 7, 2014,

---

[1] Section 1712.1(e) of the Code states, "Within 15 days of the mailing date of a final determination denying a claim *or within 135 days of filing a claim if no extension is agreed to by the parties*, whichever occurs first, the contractor may file a statement of claim with the [B]oard." 62 Pa. C.S. §1712.1(e) (emphasis added).

[2] Our review of the Board's order is limited to determining whether the Board's factual findings are supported by substantial evidence, whether constitutional rights were violated, or whether the Board committed an error of law. *Firetree, Ltd. v. Department of General Services*, 920 A.2d 906, 910 n.8 (Pa. Cmwlth. 2007).

the day *after* DGS received the letter. Pennsylvania law provides that when computing any period of time, the first day is excluded and the last day is included. *See* Section 1908 of the Statutory Construction Act of 1972, 1 Pa. C.S. §1908. Using this method, Sheward asserts that 135 days from May 6, 2014, is September 19, 2014. We cannot agree.

It is undisputed that DGS received Sheward's administrative claim letter on May 6, 2014, and did not issue a final determination. It is also undisputed that Sheward filed its statement of claim on September 19, 2014. Beginning with May 7, 2014, the day *after* DGS received the administrative claim letter, 135 days from May 6, 2014, is September 18, 2014, not September 19, 2014. Therefore, because Sheward filed its statement of claim one day late, the Board lacked jurisdiction to consider it. *See* Section 1724(c) of the Code, 62 Pa. C.S. §1724(c) ("The [B]oard shall have no power and exercise no jurisdiction over a claim asserted under [section 1724(a)(1) of the Code (relating to contract controversies)] unless it is filed with the [B]oard in accordance with section 1712.1 [of the Code].").[3]

Next, Sheward asserts that even if its statement of claim were untimely filed, the Board should have excused its late filing because DGS was not prejudiced.[4]

---

[3] Notably, Sheward concedes that "[d]eciding the issue of whether the Board of Claims has jurisdiction over [Sheward's] Statement of Claim involves nothing more than correctly calculating the date the claim was due to be filed." (Sheward's Br. at 21.)

[4] In support of this argument, Sheward relies on federal cases applying the doctrine of excusable neglect as well as section 1928(c) of the Statutory Construction Act of 1972, 1 Pa. C.S. §1928(c). (Sheward's Br. at 17-20.) However, Sheward did not raise these claims before the Board, so they are waived. At the Board hearing, Sheward instead argued that procedural rules are to be liberally construed pursuant to Pa. R.C.P. No. 126. As noted above, the Board rejected this claim. (Bd.'s Op. at 12-13.)

3

The Board properly rejected this argument, concluding that the liberal construction rule of Pa. R.C.P. No. 126 may not be applied to waive statutory jurisdictional requirements. *See Rostosky v. Department of Environmental Resources*, 364 A.2d 761, 763 (Pa. Cmwlth. 1976) ("Where a statute has fixed the time within which an appeal may be taken, we cannot extend such time as a matter of indulgence. . . . The untimeliness of the filing deprives the [Environmental Hearing] Board of jurisdiction."); *see also Southern Chester County Concerned Citizens Organization v. Zoning Board of Lower Oxford Township*, 937 A.2d 1141, 1146 (Pa. Cmwlth. 2007) (affirming the dismissal of an appeal from a zoning decision filed two days beyond the statutory appeal period, noting that "statutory requirements for perfecting an appeal are mandatory and jurisdictional").

Because Sheward filed its statement of claim late, the Board lacked jurisdiction and, thus, properly dismissed it. Accordingly, we affirm.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

4

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

The Sheward Partnership, LLC,    :
    : No. 1090 C.D. 2015
           Petitioner    :
    :
           v.    :
    :
Department of General Services,    :
    :
           Respondent    :

## O R D E R

AND NOW, this 5th day of January, 2016, we hereby affirm the June 11, 2015, order of the Board of Claims.

_____
ROCHELLE S. FRIEDMAN, Senior Judge