George Hyam Associates, Inc., Appellant, *v.* Pennsylvania Public Utility Commission.

4

Argued June 12, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, MONTGOMERY, and FLOOD, JJ. (WATKINS, J., absent).

*Henry A. Meinzer, Jr.,* with him *Duryea, Larzelere & Meinzer,* for appellant.

*Louis J. Carter,* Assistant Counsel, with him *Joseph I. Lewis,* Chief Counsel, for Pennsylvania Public Utility Commission, appellee.

OPINION BY RHODES, P. J., September 13, 1962:

The procedural question presented arises out of the appeal from an order of the Pennsylvania Public Utility Commission dismissing a complaint filed by George Hyam Associates, Inc., against Pennsburg Water Company. The commission said: "The principal issue in this proceeding concerns a contractual arrangement of a purely private nature between a

developer and a public utility respecting construction charges only and not matters involving the utility's rates or service." The commission's order was served on all parties on March 29, 1962. The petition in appeal was filed on April 25, 1962, and a copy thereof served upon the commission on May 4, 1962.

The commission filed a motion to quash the appeal and an answer thereto was filed by the George Hyam Associates, Inc., the appellant.

Pennsburg Water Company was granted leave to intervene and joined in the commission's motion to quash the appeal.

It is the commission's contention that appellant has not complied with the statutory provisions for appeal prescribed by the Public Utility Law. Section 1101(b), 66 PS §1431(b), provides: "All appeals to the Superior Court shall be by petition, setting forth specifically and concisely the error or errors assigned to the order of the commission, which petition shall be accompanied by a copy of the order appealed from, and shall also be accompanied by affidavit of the appellant, or of the agent or attorney of such appellant, that the appeal is not taken for the purpose of delay, but because the appellant verily believes that injustice has been done. Each error relied on must be specified particularly and set forth in a separate numbered paragraph of the petition."

The petition in appeal sets forth: "2. That the aforesaid appellant believes that it has suffered injustice by the order from which it appeals." This is the only so-called specification of error and raises no issue on appeal. As we view it, the assignment is ineffective and is not in compliance with the statutory requirement. Specifications must be self-sustaining and specify wherein the commission was in error or its order unlawful. See *Colteryahn Sanitary Dairy v. Milk Control Commission*, 332 Pa. 15, 23, 1 A. 2d 775.

The right of appeal in public utility proceedings is necessarily statutory and the conditions under which this right may be exercised are to be found in the provisions of the law for such appeals. *Franke v. Johnstown Fuel Supply Company*, 70 Pa. Superior Ct. 446, 451, 452; *Al Zeffiro Transfer and Storage Company v. Pennsylvania Public Utility Commission*, 195 Pa. Superior Ct. 214, 217, 171 A. 2d 800. The prescribed procedure must be strictly pursued. *Smith v. Scholl*, 262 Pa. 124, 127, 105 A. 41; *Colteryahn Sanitary Dairy v. Milk Control Commission*, supra, 332 Pa. 15, 23, 24, 1 A. 2d 775; *Oteri Appeal*, 372 Pa. 557, 561, 94 A. 2d 772. This is particularly true of special statutory appeals from action of administrative bodies. *Blank v. Board of Adjustment*, 390 Pa. 636, 640, 136 A. 2d 695.

Section 1105 of the Public Utility Law, 66 PS §1435, requires that "Copies of the petition and answer, if any, shall be served upon the opposite party or parties within five days after filing the same." The service of copy of the petition by appellant was not in accord with this statutory requirement. As we said in *Allentown v. Pennsylvania Public Utility Commission*, 173 Pa. Superior Ct. 219, 222, 96 A. 2d 157, 158: "The legislature cannot be deemed to intend that language used in a statute shall be superfluous and without import."

The appeal is quashed.