Hohensee, et al. *v.* P.U.C. and Pennsylvania
Power and Light Company.
Basalyga, et al. *v.* P.U.C. and Pennsylvania
Power and Light Company.

Argued September 10, 1971, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MANDERINO, MENCER and ROGERS.

*Ervin Hohensee* and *Thelma Tompkins,* In Propria Persona, for appellants in 409 C.D. 1971.

*Gene Basalyga* and *Mildred Hohensee,* In Propria Persona, for appellants in 415 C. D. 1971.

*Edward Munce,* Acting Counsel, for appellee.

*Gennaro D. Caliendo,* with him *Vincent Butler,* for intervening appellee, Pennsylvania Power & Light Company.

OPINION PER CURIAM, November 9, 1971:

The Public Utility Commission by order dated May 3, 1971, rejected appellants' applications for a further hearing on an award of a Certificate of Public Convenience for the construction of an electric transmission line over certain lands title to which is in dispute. The Commission determined that the transmission line was necessary or proper for the service, accommodation, convenience or safety of the public. Appellants here, claiming to have an interest in the land involved, requested the Commission to reopen the proceedings so that additional evidence might be produced. When their notices of appeal were filed they failed to set forth their exceptions to the Commission's decision. This procedural error is fatal to their cause.

Section 1101(b) of the Public Utility Code, Act of May 28, 1937, P. L. 1053, 66 P.S. §1431[1] requires that

----

[1] Section 508(e) of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P. L.      , No. 223, 17 P.S. §211.508(e)

all appeals from orders of the Commission specifically set forth the errors of the Commission. The appellants have not complied with this statutory requirement. When proceedings governing rights of appeal in public utility cases are statutorily prescribed, they must be strictly pursued. *Hyam Associates, Inc., v. Pennsylvania P.U.C.,* 199 Pa. Superior Ct. 3, 184 A. 2d 414 (1962). Having failed to do so, we enter the following:

### ORDER

AND Now, this 9th day of November, 1971, (1) the appeal of Ervin Hohensee, Thelma Tompkins and Scientific Living, Inc., numbered 409 C.D. 1971, from the order of the Pennsylvania Public Utility Commission is dismissed; and (2) the appeal of Gene Basalyga, Mildred Hohensee and Scientific Living, Inc., numbered 415 C.D. 1971, from the order of the Pennsylvania Public Utility Commission is dismissed.

Judge MANDERINO concurs in decision only.

---

provides that the jurisdiction of the Superior Court specified in Section 1101(b) above, is transferred to and vested in the Commonwealth Court.