Basalyga, et al. *v.* P.U.C. and Pennsylvania Power and Light Company, Additional Party.

Hohensee, et al. *v.* P.U.C. and Pennsylvania Power and Light Company, Additional Party.

Argued January 7, 1972, before Judges KRAMER, WILKINSON, JR., and ROGERS, sitting as a panel of three.

*Gene Basalyga,* by himself, for appellants, Basalyga, et al., in 713 C.D. 1971.

*Ervin Hohensee,* by himself, for appellants, Hohensee, et al., in 714 C.D. 1971.

*Anthony L. Marino,* with him *Edward Munce,* Acting Counsel, for appellee.

*Gennaro D. Caliendo*, with him *Vincent Butler*, for Additional Party.

PER CURIAM, January 26, 1972:

The appellants, Ervin Hohensee, Thelma Tompkins, Gene Basalyga, Mildred Hohensee and Wilhelm Realty Corporation, filed in this Court notices of appeal from an order of the Public Utility Commission granting a Certificate of Public Convenience. Pennsylvania Power and Light Company, to whom the certificate was granted, has intervened here and filed a motion to quash the appeals. The motion is grounded, *inter alia,* upon the failure of the appellants to file in this Court the petition required by Section 1101(b) of The Pennsylvania Public Utility Law, Act of May 28, 1937, P. L. 1053, 66 P.S. §1101(b). Article XI of that law, of which §1101(b) is a part, provides detailed procedure for appeals from orders of the Commission. In *City of Pittsburgh, et al. v. Pennsylvania Public Utility Commission, et al.,* 3 Pa. Commonwealth Ct. 546, 284 A. 2d 808 (1971), we had before us precisely the same issue. We there held that Article XI continues as the required procedure for appeals from the Commission to this Court and that neither the Appellate Court Jurisdiction Act of 1970, July 31, P. L. , 17 P.S. §211.101 nor the Rules of this Court have effected a change of the law in this regard.

Accordingly, we make the following:

### ORDER

AND NOW, this 26th day of January 1972, it is OR-DERED, ADJUDGED and DECREED that the appeals of Gene Basalyga, Mildred Hohensee and Wilhelm Realty Corporation to No. 713 C.D. 1971, and those of Ervin Hohensee, Thelma Tompkins and Wilhelm Realty Corporation to No. 714 C.D. 1971, be and they are hereby quashed.