## Tranter, et al. *v.* P.U.C. and Manning's Moving and Storage, Inc., Intervenor.

586

Argued February 11, 1972, before Judges WILKIN-
SON, JR., MENCER and ROGERS, sitting as a panel of
three.

*C. David Krewson*, with him *Stuckert, Yates &
Krewson*, for appellants.

*William A. Goichman*, Assistant Counsel, with him
*Paul Silverstein*, Chief Counsel, for appellee.

*Nathan L. Reibman*, with him *Joseph M. Reibman*
and *Reibman and Reibman*, for intervenor.

OPINION BY JUDGE WILKINSON, March 27, 1972:

On September 12, 1966, Manning's Moving and Stor-
age, Inc., a New Jersey Corporation, filed an applica-
tion for a certificate of public convenience to ". . .
transport, as a Class D carrier, property . . . between
points and places in Bucks County, Pennsylvania, and
from points in said County, to all points in Pennsyl-
vania, and vice versa." Protests were filed by 27 po-
tential competitors.

The Pennsylvania Public Utility Commission (Commission) held four hearings on the application between October 20, 1966, and May 2, 1967. On March 18, 1968, the Commission denied the application for lack of proof of necessity. On April 16, 1968, the applicant filed a petition to reopen requesting a rehearing and additional oral argument. On July 23, 1968, the Commission denied that portion of applicant's petition to reopen requesting a rehearing, but granted the request for additional oral argument. On April 23, 1969, the Commission rescinded its order of July 23, 1968, and granted applicant's petition to reopen. Following the initial rehearing on May 27, 1969, the Commission sent a letter to all counsel which stated, in part:

"One of the major issues in this case concerns prior illegal operations and the bona fides of the applicant in engaging in such activity. The record leaves the Commission in doubt concerning this issue.

"It was the Commission's belief that further hearings should be available to the parties, including the applicant, to present further evidence on the question of bona fides."

The final hearing on the application was held on January 14, 1970. At this hearing, a stipulation of fact was entered into by all counsel that the applicant's intrastate moves within Pennsylvania prior to the date of being fined by the Commission for an illegal move in January, 1966, were in good faith. On April 27, 1970, the Commission rescinded its order of March 18, 1968, and granted limited rights to the applicant ". . . between points in the Borough of Morrisville, Bucks County, and within an airline distance of (10) statute miles of the limits of said Borough."

Appeals were taken to the Superior Court of Pennsylvania by only two of the 27 protestants, the appellants herein. Upon petition of the Commission, the rec-

ord was remanded to the Commission for the issuance of its long form order which was done in due course. The appeal was then transferred from the Superior Court to this Court.

Our scope of review is delineated by the Public Utility Law, Act of May 28, 1937, P. L. 1053, as amended, 66 P.S. §1101 et seq., which provides in Section 1106, 66 P.S. §1437, and Section 1112, 66 P.S. §1442, that the order of the Commission shall not be vacated or set aside on appeal except for error of law or lack of evidence to support it, and that the order shall be prima facie evidence of the facts found.

Appellants raise three issues on appeal: (1) whether the Commission acted arbitrarily and capriciously in rescinding its first order denying the application, granting a rehearing, and, thereafter, granting limited rights, without additional evidence on the issue of necessity; (2) whether the applicant established by substantial evidence the need for additional service or the inadequacy of existing service; and (3) whether the applicant established its ability to render the proposed service.

With respect to the first issue, the Commission has the authority, as in the case of complaints, to amend or rescind any order after notice and opportunity to be heard. Section 1007 of the Public Utility Law, 66 P.S. §1397. It is not necessary that an applicant present new evidence, before the Commission may rescind or amend a prior order under Section 1007. In light of the Commission's letter of May 27, 1969, we treat the act of granting applicant's petition to reopen as if the Commission had taken this action on their own initiative under Section 1007, although it was taken through the device of granting the petition of applicant which could have been filed only under Section 1006 of the Public Utility Law, 66 P.S. §1396. *Paradise v.*

*Pennsylvania Public Utility Commission,* 184 Pa. Superior Ct. 8, 132 A. 2d 754 (1954). We note that the Commission did have new evidence before it in the stipulation of fact entered of record at the final hearing. Inasmuch as appellants had an opportunity to be heard before the Commission rescinded its earlier order, this issue is devoid of merit.

The second and third issues, combined and properly restated, become whether the findings of the Commission are supported by substantial evidence.

Along with other evidence in support of its request for a certificate of public convenience to commence intrastate operations within Pennsylvania, applicant presented evidence of past service as indicative of need. This evidence amounted to a total of 77 moves during the years 1962 through 1965. In view of the stipulation of good faith on the part of applicant with respect to these moves, the Commission properly considered this evidence. *Lancaster Transportation Company et al. v. Pennsylvania Public Utility Commission,* 181 Pa. Superior Ct. 129, 138-41, 124 A. 2d 380 (1956). Applicant also presented evidence of 77 requests for service between August 1, 1966, and September 30, 1966. Evidence of requests for service have been held to go to the issue of need as well as the inadequacy of existing service. *Modern Transfer Co., Inc. v. Pennsylvania Public Utility Commission et al.,* 139 Pa. Superior Ct. 197, 12 A. 2d 458 (1939). *Leaman Transportation Corporation et al. v. Pennsylvania Public Utility Commission,* 153 Pa. Superior Ct. 303, 33 A. 2d 721 (1943). The record also contains evidence of requests for service which applicant received and referred to existing carriers that they refused because their schedules were completely filled or that they declined because they were simply not interested. In addition, one shipper witness testified in support of the application. The

590

record also contains uncontradicted evidence as to the substantial rate of growth of Bucks County, Pennsylvania, up to the date of the application. Taken together and considering the very limited rights granted applicant in lieu of its original request, the findings of the Commission are supported by substantial evidence. "[The Commission] must not wait until the public suffers from lack of service before it can authorize service which the evidence indicates will be necessary by the time a final order is made or a reasonable time thereafter." *Highway Express Lines, Inc. et al. v. Pennsylvania Public Utility Commission,* 195 Pa. Superior Ct. 92, 102, 169 A. 2d 798 (1961).

The Commission properly performed its duty under Section 203 of the Public Utility Law, 66 P.S. §1123, to determine if the granting of the certificate was necessary or proper for the service, accommodation, convenience or safety of the public.

Affirmed.