## Upper Merion Township *v.* P. U. C. and Philadelphia Electric Company, Intervenor.

Argued April 4, 1972, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*Gregory J. Dean,* with him *James E. Meneses,* for appellant.

*Dominic J. Ferraro,* Assistant Counsel, with him *Philip P. Kalodner,* Counsel, for appellee.

*Dolores Korman,* with her *Harold E. Kohn* and, of counsel, *Edward G. Bauer, Jr., Eugene J. Bradley* and *Donald Blanken,* for intervenor.

Opinion by Judge Mencer, May 30, 1972:

Upper Merion Township (appellant) filed in this Court a notice of appeal from a decision of the Pennsylvania Public Utility Commission (Commission) whereby the Commission ruled that the use, by Philadelphia Electric Company, of a building at 950 Pulaski Drive, King of Prussia, as a general meter shop was

reasonably necessary for the convenience or welfare of the public. Pennsylvania Electric Company has intervened and filed a motion to quash the appeal.

The motion is based upon the admitted failure of the appellant to file in this Court the petition, setting forth specifically and concisely the error or errors assigned to the order of the Commission, required by Section 1101(b) of the Pennsylvania Public Utility Law, Act of May 28, 1937, P. L. 1053, 66 P.S. §1431 (b).[1] Article XI of that law, of which §1101(b) is a part, provides a detailed procedure for appeals from orders of the Commission.

The same issue was presented to this Court in *Pittsburgh, et al. v. Public Utility Commission, et al.,* 3 Pa. Commonwealth Ct. 546, 284 A. 2d 808 (1971). We there held that Article XI continues as the required procedure for appeals from the Commission to this Court and that neither the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P. L. 673, No. 223, 17 P.S. §211.101, et seq., nor the rules of this Court have effected a change of the law in this regard. Our reasons for this holding were carefully detailed in that recent opinion and therefore need not be repeated here.

We held likewise in *Hohensee, et al. v. Public Utility Commission, et al.,* 3 Pa. Commonwealth Ct. 390, 283 A. 2d 503 (1971). This Court's position on this issue was reaffirmed in *Basalyga, et al. v. Public Utility Commission,* 4 Pa. Commonwealth Ct. 310, 286 A. 2d 495 (1972), where we followed *Pittsburgh, et al. v. Public Utility Commission, et al., supra.*

Accordingly, we make the following

---

[1] Section 508(e) of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P. L. 673, No. 223, 17 P.S. §211.508(e), provides that the jurisdiction of the Superior Court specified in Section 1101(b) is transferred to and vested in the Commonwealth Court.

## ORDER

And now, this 30th day of May, 1972, it is ORDERED, ADJUDGED and DECREED that the appeal of Upper Merion Township be and it is hereby quashed.