Modad Taxicab Company and Carbondale Transfer Company, Petitioners *v.* Pennsylvania Public Utility Commission, Respondent.

Argued March 14, 1980, before Judges WILKINSON, JR., BLATT and MACPHAIL, sitting as a panel of three.

*Joseph Lach,* with him *James E. Pocius* and *John R. Lenahan, Lenahan, Dempsey, Murphy* & *Piazza,* for petitioner.

*Robert A. Christianson,* Assistant Counsel, with him *Alfred N. Lowenstein,* Deputy Chief Counsel and *George M. Kashi,* Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, June 2, 1980:

Modad Taxicab Company and Carbondale Transfer Company (petitioners), common carriers under joint ownership serving carbondale, Lackawanna County, appeal here from an order of the Pennsylvania Public Utility Commission (Commission) granting a certificate of public convenience to Robert R. Ashby (applicant) to operate a competing taxicab service. At the time of the hearing, the petitioners operated five taxicabs in a service area of approximately 30,000 people, while the applicant proposed to operate four taxicabs.

Section 1103 of the Public Utility Code, 66 Pa. C.S. §1103, requires that the Commission shall grant a certificate of convenience only if it determines that the

additional service is necessary or proper for the accommodation, convenience or safety of the public. This requires that the applicant prove the public need for the proposed service, the inadequacy of existing service to satisfy that need and its own fitness to meet the need. *John Gibbons, Inc. v. Pennsylvania Public Utility Commission*, 18 Pa. Commonwealth Ct. 114, 334 A.2d 806 (1975).

The sole issues presented in this appeal are the petitioner's contentions that the following three of the Commission's findings of fact are not based on substantial evidence:

> The applicant obtained the signatures on a petition in support of additional taxi service in the City of Carbondale containing approximately 2800 signatures.

> The present taxi service is curtailed in the City of Carbondale from 11:00 P.M. until 6:00 A.M.

> Residents of the City of Carbondale testified that they are unable to obtain taxi service after 11:00 P.M. until 6:00 A.M. the next morning and that on occasion they do need such service.

Because we believe that the first contested finding is not essential to the Commission's decision to grant the certificate, and because the other contested findings are based on substantial evidence, we must affirm the Commission's order.

As for the first contested finding, the petitioners argue that the record shows that the applicant obtained only 900 signatures on his own, while the remaining 1,900 signatures in evidence were obtained by his daughters, and that the petition was therefore improperly admitted into evidence. Although we have difficulty crystalizing the precise nature of the petitioners' argument because of their failure to cite any precedent for it, it appears that they challenge the

1,900 signatures as hearsay. It is well established that evidence of requests for an applicant's service is a reliable method of proving the need for such service, and such evidence is generally not held inadmissable as hearsay. *Tranter v. Pennsylvania Public Utility Commission,* 4 Pa. Commonwealth Ct. 585, 288 A.2d 837 (1972); *Modern Transfer Co. v. Pennsylvania Public Utility Commission,* 139 Pa. Superior Ct. 197, 12 A.2d 458 (1940). The regulations promulgated by the Commission recognize this characterization of request testimony, and specifically provide: "Evidence of requests received by an applicant for service may be offered by the applicant in a transportation application proceeding...." 52 Pa. Code §3.382.

In the present situation, however, the requests for service were not made to the applicant, but were made instead to his daughters who then relayed this information to the applicant. Thus, the assertion by the applicant that the requests, in fact, were made, could have been excluded as hearsay. But we will not reverse the Commission's order on the basis of hearsay evidence unless the evidence was the sole basis for a necessary finding of fact. *Pittsburgh and Lake Erie R.R. Co. v. Pennsylvania Public Utility Commission,* 170 Pa. Superior Ct. 411, 85 A.2d 646 (1952). We find no such reason for reversal in this record and, because the other findings adequately support the Commission's grant of the certificate, we would not in any case overturn its order on the basis of alleged hearsay alone.

As for the second contested finding, we believe that it is clearly supported by substantial evidence. Joseph Price, a hotel owner in Carbondale, testified that hotel residents were unable to obtain taxi service after 11:30 P.M. and that phone calls to the petitioner's office after that time were not answered. Other residents and workers in the Carbondale area also testified that

taxi service was often difficult or impossible to obtain in the late evening hours. The petitioner's vice president, Albert Gaiardo, testified that no one was on duty at the petitioner's office after 1:00 A.M. Thus, while there were discrepancies concerning the exact time of night at which the petitioner's service ended, the Commission's findings represent a fair approximation of the closing time, and the finding was properly within the discretion of the Commission as to matters of evidentiary weight. *Pennsylvania Public Utility Commission v. Purolator Courier Corp.*, 24 Pa. Commonwealth Ct. 301, 355 A.2d 850 (1976).

Finally, we believe that the record presents substantial evidence on which to base the contested finding that there was a community need for night taxi service. James Kelly, the Carbondale police chief, testified that the police force was often required at night to drive patients and visitors to Carbondale's two hospitals, and that night taxi service probably could accommodate the less urgent requests. Similarly, an administrator of Saint Joseph's Hospital in Carbondale and the director of Carbondale General Hospital both testified that it was sometimes difficult for patients, visitors and employees to obtain taxi service at the hospital in the early or late evening. In addition, the owner of the hotel also testified that his residents often desired taxi service at night but were unable to obtain it.

Having concluded that the Commission has not committed a reversible error in any of the three contested findings, we must affirm the grant of certification.

## ORDER

AND Now, this 2nd day of June, 1980, the order of the Pennsylvania Public Utility Commission in the above-captioned matter is affirmed.