512 A.2d 1359

Morgan Drive Away, Inc., Petitioner *v.* Pennsylvania Public Utility Commission, Respondent.

Argued February 5, 1986, before President Judge CRUMLISH, JR., Judges ROGERS, CRAIG, DOYLE, BARRY COLINS and PALLADINO.

*David H. Radcliff*, with him, *Christian V. Graf, Graf, Knupp & Andrews, P.C.*, for petitioner.

*H. Kirk House*, Assistant Counsel, with him, *Alfred N. Lowenstein*, Deputy Chief Counsel, and *Charles F. Hoffman*, Chief Counsel, for respondent.

*William A. Chestnutt, McNees, Wallace & Nurick*, for intervenors, John K. Ryan and George R. Richard.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., August 4, 1986:

Morgan Drive Away (Morgan) appeals a Pennsylvania Public Utility Commission (PUC) order granting the application of R.V. Transport (R.V.) for a certificate of public convenience as a motor common carrier. We affirm.

The certificate authorized tow-away service to transport recreational vehicles and trailers between points in Pennsylvania. Morgan, which holds a certificate to provide transportation services, protests the granting of a certificate to R.V.

Where, as here, the PUC grants a certificate of public convenience, this Court may not alter its decision absent an error of law, a violation of constitutional rights or a lack of evidence to support its findings. *Yel-*

*low Cab Co. of Pittsburgh v. Pennsylvania Public Utility Commission*, 50 Pa. Commonwealth Ct. 448, 412 A.2d 1385 (1980).

Morgan contends initially that the PUC erred in using revised evidentiary criteria in its decision.[1] It argues that R.V. should have been required to prove inadequacy in the existing service.[2] We disagree. We have held recently that the PUC exercised proper discretion when

---

[1] 52 Pa. Code §41.14 provides:

(a) An applicant seeking motor common carrier authority has a burden of demonstrating that approval of the application will serve a useful public purpose, responsive to a public demand or need.

(b) An applicant seeking motor common carrier authority has the burden of demonstrating that it possesses the technical and financial ability to provide the proposed service, and, in addition, authority may be withheld if the record demonstrates that the applicant lacks a propensity to operate safely and legally.

(c) The Commission will grant motor common carrier authority commensurate with the demonstrated public need unless it is established that the entry of a new carrier into the field would endanger or impair the operations of existing common carriers to such an extent that, on balance, the granting of authority would be contrary to the public interest.

[2] Prior to January 1, 1983, the PUC traditionally required a motor common carrier applicant to produce evidence establishing (1) a public need for the proposed service; (2) the inadequacy of the existing service; and (3) technical, financial and legal fitness enabling it to provide the transportation service. *See Central Storage & Transfer Co. v. Pennsylvania Public Utility Commission*, 82 Pa. Commonwealth Ct. 21, 477 A.2d 568 (1984). Subsequent to that date, the PUC set forth modified evidentiary criteria in the Pa. Bulletin and embodied in 52 Pa. Code §41.14. Under this provision, any protestant assumes the burden of showing that the entry of a new carrier endangers the existing carrier's operation, thus rendering the grant of the application contrary to public policy. These new criteria exclude the requirement of establishing inadequacy of the existing service.

it formulated new evidentiary criteria and excised the inadequacy requirement from an applicant's burden of proof. *Seaboard Tank Lines, Inc. v. Pennsylvania Public Utility Commission*, 93 Pa. Commonwealth Ct. 601, 502 A.2d 762 (1985).

Morgan additionally contends that R.V. failed to establish a public need for an additional statewide service. However, R.V. is merely required to show that a need existed within the area generally served, not at every point within the proposed territory. *Purolator Courier Corp. v. Pennsylvania Public Utility Commission*, 51 Pa. Commonwealth Ct. 377, 414 A.2d 450 (1980). A review of the record discloses that there has been an expansion in transportation and a need for back-up service. Moreover, R.V. provides a timely service, especially during the peak of the selling season, and there is an increased need for tow-away service due to factory relocation to Pennsylvania. R.V.'s certificate provides tow-away transportation service only, unlike Morgan, which provides a more general service. There is substantial evidence in this regard to establish a need for the services R.V. seeks to provide.

Finally, Morgan argues that the evidences adduced fails to support the conclusion that R.V. is providing a different service. We disagree. Our review of the record satisfies us that there is sufficient testimony to support the finding that R.V. offers a different service than does Morgan. For example, R.V. offers a personalized service which includes a thorough inspection of all units it tows and a specialized local service. The PUC's findings are supported by substantial evidence.

Affirmed.

ORDER

The Pennsylvania Public Utility Commission order, No. A-105465 dated June 11, 1985, is affirmed.