**CHESTER WATER AUTHORITY,**
**Petitioner,**

v.

**PENNSYLVANIA PUBLIC UTILITY COMMISSION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued March 5, 2003.
Decided April 28, 2003.

taking. *Arrington v. Urban Redevelopment Auth.*, 822 A.2d 135 (Pa.Cmwlth.2003).

Richard D. Procida, Media, for petitioner.

Stanley E. Brown, Harrisburg, for respondent.

BEFORE: COLINS, President Judge, and SMITH–RIBNER, Judge, PELLEGRINI, Judge, FRIEDMAN, Judge, COHN, Judge, SIMPSON, Judge, and LEAVITT, Judge.

OPINION BY Judge SIMPSON.

In its appeal from the order of the Pennsylvania Public Utilities Commission (PUC), Chester Water Authority (CWA) asks us to consider whether the PUC erred when it granted Philadelphia Suburban Water Company's (PSW) motion for judgment on the pleadings and PSW's application for a certificate of public convenience.[1] Concluding factual disputes exist and a hearing is required to determine if PSW satisfies the statutory criteria necessary to obtain a certificate of public convenience, we vacate and remand.

In August 2001, PSW applied to the PUC for a certificate of public convenience to service a different territory pursuant to Section 1102(a)(1)(i) of the Public Utility Code (Code).[2] PSW sought certification to

---

1. This matter is before us on the application of the PUC and PSW for reargument and reconsideration of the order of this Court filed September 18, 2002. The Court granted reconsideration, ordered the parties to file briefs and withdrew the September 18, 2002 order.

2. That section provides:

Upon the application of any public utility and the approval of such application by the [PUC], evidenced by its certificate of public

convenience first had and obtained, and upon compliance with existing laws, it shall be lawful:

(1) For any public utility to begin to offer, render, furnish or supply within this Commonwealth service of a different nature or to a different territory than that authorized by:

(i) A certificate of public convenience granted under this part or under the former provisions of the act of July 26, 1913 (P.L. 1374, No. 854), known as 'The Public Ser-

supply water service to the "Cherry Farm" tract, the site of a new residential development in Thornbury Township, Delaware County. CWA responded by filing a protest[3] that averred, in pertinent part:

7. The [Cherry Tract] is a natural extension of CWA's water system and CWA is fully capable, ready, willing and able to service this tract.

8. It is in the public interest for CWA to service the [Cherry Tract] instead of PSW, particularly where *CWA's water rates to the ultimate consumer,* who are otherwise without a voice in these proceedings, *are significantly lower than those of PSW.* In addition to other costs as well, ratepayers will be forced to subsidize and pay substantially higher amounts simply because PSW services the tract instead of CWA, there being no other difference or benefit to PSW servicing the tract.

9. There is no need for PSW to service the [t]ract as *CWA is already present and is ready, willing and able to provide service, at significantly lower costs and rates.* In fact, as part of its infrastructure in [Thornbury Township] *CWA already has a water main in the right-of-way immediately adjacent to the [t]ract, which supply line PSW would actually have to cross in order to service the [t]ract.*

vice Company Law,' or the act of May 28, 1937 (P.L. 1053, No. 286), known as the 'Public Utility Law.'
66 Pa.C.S. § 1102(a)(1)(i).

3. 52 Pa.Code § 5.51(a) permits a person objecting to the approval of an application under consideration by the PUC to file a protest to the application.

4. CWA filed a motion for reconsideration, which the PUC granted. On December 5, 2001, the PUC vacated its prior order that

Reproduced Record (R.R.) at 19a–20a. (Emphasis added.)

In response to CWA's protest, PSW filed a motion to dismiss or, in the alternative, a motion for judgment on the pleadings. The PUC granted PSW's motion for judgment on the pleadings. The next day, the PUC entered an order which granted the certificate of public convenience without a hearing. This action was affirmed by letter, from which CWA appealed.[4]

## I.

■ A decision to dismiss a complaint or protest without conducting a hearing will be reversed by this Court only if there was an abuse of discretion. *Lehigh Valley Power Comm. v. Pennsylvania Pub. Util. Comm'n,* 128 Pa.Cmwlth. 259, 563 A.2d 548 (1989).

Pursuant to Section 5.102(a) of the PUC regulations, a participant in a PUC proceeding may file a motion for judgment on the pleadings after the pleadings are closed, but within a time so as not to delay the hearing. 52 Pa.Code § 5.102(a). Further,

[t]he judgment sought will be rendered if the pleadings ... show that *there is no genuine issue as to a material fact* and that the moving participant is entitled to a judgment as a matter of law. If a motion is granted, the presiding officer will do so in the form of an

granted PSW the certificate of public convenience. The PUC's order also referred the case to the Office of Administrative Law Judge.

By letter dated December 10, 2001, however, the PUC informed the parties its vacating order was entered erroneously and should be disregarded. The PUC also entered an order denying CWA's petition for reconsideration and affirming its prior order granting PSW the certificate. CWA appealed.

initial or recommended decision which shall be subject to exceptions.

52 Pa.Code § 5.102(c)(1) (emphasis added).

### A.

 In ruling on a motion for judgment on the pleadings, all of the non-movant's well-pled allegations are accepted as true, and only those facts specifically admitted by the non-movant are considered against it. *Ridge v. State Employees' Ret. Bd.*, 690 A.2d 1312 (Pa.Cmwlth.1997). Judgment on the pleadings is proper only where the pleadings show there are no material facts in dispute, such that a hearing is unnecessary. *Travelers Cas. & Sur. Co. v. Castegnaro*, 565 Pa. 246, 772 A.2d 456 (2001). When determining whether to grant the motion, only the pleadings and any documents properly attached to them may be considered. *Id.*

Here, CWA raised issues of material fact. Specifically, CWA averred its rates are significantly lower than those of PSW. It also averred it has a water supply line adjacent to the Cherry tract. Further, CWA averred the developer of the tract stated a preference for its services. Judgment on the pleadings precluded CWA from the opportunity to prove or offer proof of facts related to rate amount, proximity and developer preference. These facts are material to determining whether the public interest will be properly served. 66 Pa.C.S. § 1103(a); *Highway Express Lines v. Pennsylvania Pub. Util. Comm'n,* 195 Pa.Super. 92, 169 A.2d 798 (1961) (PUC's duty is to determine whether granting certificate is necessary or proper for the service, accommodation, convenience or safety of the public). As such, the PUC abused its discretion by granting

judgment on the pleadings. *Greer v. U.S. Steel Corp.,* 475 Pa. 448, 380 A.2d 1221 (1977) (uncertainty of factual question makes it inappropriate to grant judgment on the pleadings).

### B.

 Moreover, we cannot approve the PUC's procedure in ruling on the motion for judgment on the pleadings. As its name implies, a motion for judgment on the pleadings is directed to the pleadings. *Travelers Cas. & Sur. Co.* Thus, only the pleadings, and any documents properly attached thereto, may be considered. *Id.*

The PUC abused its discretion in looking beyond the pleadings to support its determination. Specifically, the PUC relied on a letter, in which the developer stated a preference for PSW's service. R.R. 64a. In addition, the PUC found PSW will charge its existing tariffed rates applicable to customers in the West Chester Division. R.R. 59a. No document evidencing rate amount in the West Chester Division, however, is within the pleadings. Therefore, the PUC abused it discretion by failing to properly confine its inquiry to the pleadings. *Travelers Cas. & Sur. Co.*

Accordingly, we vacate that portion of the PUC's order granting PSW's motion for judgment on the pleadings.

### II.

 PSW and the PUC argue a public hearing is not necessary because CWA failed to aver facts relevant to the mandate in Section 1103(a) of the Code.[5]

---

5. Where, as here, the PUC grants a certificate of public convenience, we may not alter its decision absent an error of law, a violation of constitutional rights or a lack of evidence to support its findings. *ARIPPA v. Pennsylvania Pub. Util. Comm'n,* 792 A.2d 636 (Pa.Cmwlth. 2002), *appeal denied,* —— Pa. ——, 815 A.2d 635 (2003).

A.

■ Sections 1103(a) and (b) of the Code, which govern the procedure for obtaining a certificate of public convenience, provide:

(a) **General rule.**—Every application for a certificate of public convenience shall be made to the [PUC] in writing, be verified by oath or affirmation, and be in such form, and contain such information, as the [PUC] may require by its regulations. *A certificate of public convenience shall be granted by order of the [PUC], only if [it] shall find or determine that the granting of such certificate is necessary or proper for the service, accommodation, convenience, or safety of the public.* The [PUC], in granting such certificate, may impose such conditions as it may deem to be just and reasonable. In every case, the [PUC] shall make a finding or determination in writing, stating whether or not its approval is granted. Any holder of a certificate of public convenience, exercising the authority conferred by such certificate, shall be deemed to have waived any and all objections to the terms and conditions of such certificate.

(b) **Investigations and hearings.**— For the purpose of enabling the [PUC] to make such finding or determination, it shall hold such hearings, which shall be public, and, before or after hearing, it may make such inquiries, physical examinations, valuations, and investigations, and may require such plans, specifications, and estimates of cost, as it may deem necessary or proper in enabling it to reach a finding or determination.

66 Pa.C.S. §§ 1103(a), (b) (emphasis added).

■ The primary object of the Code is to serve the public interest. *Phila. Suburban Water Co. v. Pennsylvania Pub. Util. Comm'n,* 425 Pa. 501, 229 A.2d 748 (1967) (benefits and promotion of public interest is primary); *Pennsylvania R. Co. v. Pennsylvania Pub. Util. Comm'n,* 199 Pa.Super. 158, 184 A.2d 111 (1962) (public interest is of primary consideration); *Pittston Gas Co. v. Pennsylvania Pub. Util. Comm'n,* 190 Pa.Super. 365, 154 A.2d 510 (1959) (controlling factor in granting certificate is the public interest, i.e., which utility will best serve the ultimate consumer).

■ To obtain a certificate of public convenience, an applicant must prove there is a need for the proposed services; the existing services are inadequate; and it is fit to satisfactorily meet the need. *Seaboard Tank Lines, Inc., v. Pennsylvania Pub. Util. Comm'n,* 93 Pa.Cmwlth. 601, 502 A.2d 762 (1985).[6] Although the directive of Section 1103(a) of the Code is broad, the PUC must still determine whether granting a certificate satisfies the statutory criteria. *Id.* Issuance of a certificate without such a determination is contrary to the principle that the primary objective of the law in this area is to serve the public interest. *Middletown Township v. Pennsylvania Pub. Util. Comm'n,* 85 Pa.Cmwlth. 191, 482 A.2d 674 (1984).

■ What may constitute "need" for service depends on the locality involved and the particular circumstances of each case. *Warminster Township Mun. Auth. v. Pennsylvania Pub. Util. Comm'n,* 185 Pa.Super. 431, 138 A.2d 240 (1958). An applicant need not establish a present demand for service in every square mile of the territory to be certificated; proof of necessity within the general area is suffi-

---

**6.** In *Seaboard,* we held the PUC acted within its discretion by eliminating an applicant's burden of proving inadequacy of existing ser-

vice with regard to motor common carrier service. Nevertheless, this prong is not at issue here.

cient. *Morgan Drive Away, Inc. v. Pennsylvania Pub. Util. Comm'n,* 99 Pa. Cmwlth. 420, 512 A.2d 1359 (1986).

The averments in CWA's protest challenge PSW's ability to meet public need. Specifically, CWA averred it can provide lower rates to the consumer than those provided by PSW. CWA also alleged it has a supply line immediately adjacent to the Cherry tract. These averments are material to determining whether a certificate of public convenience should be issued to PSW. *See Waltman v. Pennsylvania Pub. Util. Comm'n,* 142 Pa.Cmwlth. 44, 596 A.2d 1221 (1991), *aff'd* 533 Pa. 304, 621 A.2d 994 (1993) (public-need prong includes consideration of rate amount); *Abington Elec. Co. v. Pennsylvania Pub. Util. Comm'n,* 131 Pa.Super. 200, 198 A. 906 (1938) (proposed rate reduction serves the public convenience). Thus, the PUC erred by granting the certificate to PSW without a hearing to ensure the statutory criteria set forth in Section 1103(a) of the Code were satisfied.

■ The propriety of permitting competition in a particular field is an administrative question for the PUC in the exercise of its discretion. *Waltman.* Where competition is contemplated, competing rates assume greater significance. *See id.* at 1225 (in considering public need, PUC properly found applicant provides its service at competitive rates and allowed other telecommunications carriers to provide lower cost service). *See also Reeder v. Pennsylvania Pub. Util. Comm'n,* 192 Pa.Super. 298, 162 A.2d 231 (1960) (PUC considers consequences of permitting competition). The greater significance of competing rates supports our conclusion that the issue should be addressed in a hearing.

B.

■ A hearing is not, however, required on every application for a certificate of public convenience. *Dee Dee Cab, Inc. v. Pennsylvania Pub. Util. Comm'n,* 817 A.2d 593 (Pa.Cmwlth.2003) (where facts are not in dispute, and issue is purely one of law, a hearing is not required); *Diamond Energy, Inc. v. Pennsylvania Pub. Util. Comm'n,* 653 A.2d 1360 (Pa.Cmwlth. 1995) (based on absence of disputed facts, "paper" hearing was not violative of due process); *Lehigh Valley Power Comm.* (due process satisfied where complaint is dismissed without a hearing because protestant raised only issue of law and presented argument on that issue).[7]

Where issues of material fact are raised, however, due process concerns require a hearing. *Diamond Energy.* Issues of material fact exist as to whether PSW satisfied Section 1103(a) of the Code. Therefore, a hearing is required.

Accordingly, we vacate the portion of the PUC's order granting PSW's application for a certificate of public convenience and remand the matter to the PUC for a public hearing in accordance with Section 1103 of the Code.

### ORDER

AND NOW, this 28th day of April, 2003, the December 10, 2001 order of the Penn-

---

7. The PUC and PSW rely on *Lehigh Valley Power Comm.* There, the power committee sought review of a PUC order dismissing its protest, in the form of a complaint, without a hearing. We concluded that, because the complaint raised only a question of law and the PUC gave the protestant the opportunity to present its argument on paper, due process was satisfied. Further, we stated "[i]t is a fundamental proposition of law that *a hearing or trial procedure is necessary only to resolve disputed questions of fact* and is not required to decide questions of law, policy or discretion." *Id.* at 556 (emphasis added).

*Lehigh Valley Power Comm.* is clearly distinguishable. Unlike the pure question of law raised by the power committee in *Lehigh Valley Power Comm.,* CWA's protest raises issues of material fact.

sylvania Public Utilities Commission is VACATED to the extent it granted the motion for judgment on the pleadings filed on behalf of the Philadelphia Suburban Water Company. The PUC's order is VACATED to the extent that it granted the application for a certificate of public convenience filed by Philadelphia Suburban Water Company and REMANDED to the PUC for a public hearing pursuant to Section 1103 of the Public Utilities Code, 66 Pa.C.S. § 1103.

Jurisdiction relinquished.

DISSENTING OPINION BY President Judge COLINS.

I respectfully disagree with the majority's decision to vacate and remand in part. Once the motion for judgment on the pleadings was granted for the lack of a factual dispute, PSW's application for a certificate of public convenience should be granted without a remand to the PUC for a public hearing.

The PUC should be afforded the opportunity to dismiss general protests that lack a factual dispute. In addition, PSW should not be penalized for CWA's failure to adequately challenge PSW's request for a certificate of public convenience. A judgment on the pleadings is authorized by Section 5.102(a) of the PUC's regulations [1] where the pleadings show that there is no genuine issue of material fact. Section 103 of the Public Utility Code (Code) [2] requires an applicant to demonstrate that (1) there is a public need for the proposed services, (2) the existing services are inadequate, and (3) it is fit to satisfactorily meet the need. *Seaboard Tank Lines, Inc. v. Pennsylvania Public Utility Commission*, 93 Pa.Cmwlth. 601, 502 A.2d 762 (1985).

In its protest, CWA failed to raise any legally material issues that would prevent the PUC from denying PSW's application. CWA's protest did not allege that PSW was unfit to provide water service to the proposed tract. Additionally, the fact that CWA has a water main nearby that can provide service to the proposed tract and that CWA's rates are lower than PSW's rates does not prove that 1) there is not a need for water service to the tract, 2) the present facilities are inadequate or 3) PSW is unfit to render water services to the tract. As such, the PUC acted properly in granting PSW's request for a certificate of public convenience. A hearing is not required because CWA unsatisfactorily challenged and PSW sufficiently demonstrated a demand and need for service, the inadequacy of existing facilities, and technical, financial and legal fitness in its application. As no factual dispute exists, PSW's request should be granted without a remand.

Judge LEAVITT joins in this dissenting opinion.